## Angeline Bruner, impleaded etc., v. Victoria Campbell, Adm'x, etc.

1. DECREES—*On Conflicting Evidence.*—Where the evidence is conflicting and there is sufficient on the part of the complainant to sustain a decree in his favor, when considered alone, the conclusions of the trial judge upon the issues of fact should not be disturbed.

2. ESTOPPEL—*In Pais—Essential Elements.*—The essential elements of an estoppel *in pais* are misrepresentation or concealment of material facts, ignorance of the truth by the party to whom the representations were made, and reliance upon his part in acting upon such representations.

3. SAME—*When it can be Invoked by a Party Litigant.*—Before an estoppel *in pais* can be invoked to the aid of a litigant, it must appear that the person against whom it is invoked has, by his words or conduct,

caused such litigant to believe in the existence of a certain state of things and induced him to act upon such belief.

**Bill to Set Aside a Fraudulent Conveyance.**—Error to the Circuit Court of Massac County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the February term, 1900. Decree modified and affirmed. Opinion filed September 8, 1900.

C. L. V. MULKEY, attorney for plaintiff in error.

A creditor who receives the consideration of a transfer, or the proceeds thereof, with knowledge of the fact, can not impeach it as fraudulent. His title to the consideration depends upon the validity of the transfer, and he is therefore estopped from claiming the property. Hathaway v. Brown, 22 Minn. 214; Scott v. Edes, 3 Minn. 377; Seymour v. Lewis, 13 N. J. Eq. 439; Johns v. Bolton, 12 Penn. St. 339.

By receiving a benefit under a transfer claimed to be fraudulent, a creditor thereby affirms it, and is estopped from setting up the fraud. He can not treat it as valid for one purpose and void for another, nor valid at one time and void at another. He can not blow hot and cold. Ewing v. Cook, 85 Tenn. 334; Terry v. Munger, 121 N. Y. 161; Geisse v. Beall, 3 Wis. 330; Bradford v. Beyer, 17 Ohio St. 388; Clapp v. Rogers, 38 N. H. 435.

JAMES C. COURTNEY and SAWYER & EVANS, attorneys for defendant in error.

The doctrine of estoppel *in pais* is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant, it must appear that the person against whom it is invoked has, by his words or conduct, caused him to believe in the existence of a certain state of things and induced him to act upon that belief. The essential elements are: misrepresentation or concealment of material facts, ignorance of the truth of the matter by the party to whom the representations were made, and reliance upon his part in acting upon the representations. Holcomb v. Boynton, 151 Ill. 294.

Mr. Justice Worthington delivered the opinion of the court.

This is a bill to set aside an alleged fraudulent conveyance. It charges that William P. Bruner was indebted to complainant, Victoria Campbell, and that in February, 1895, he executed a deed to his wife, Angeline Bruner, to block 80 in Metropolis, and also executed a deed to his daughter, Elizabeth Drake, for certain other real estate, and that these conveyances were without consideration and were made to defraud creditors. On a hearing of the case, the court below set aside the deed executed to Angeline Bruner for block 80 as being fraudulent, but sustained the deed executed to Elizabeth Drake.

Angeline Bruner brings the case before this court to reverse the decree of the court below with reference to block 80.

William P. Bruner and William R. Brown conducted a private bank in Metropolis, and on the 12th day of June, A. D. 1895, they made a general assignment to E. P. Curtis and D. W. Helm for the benefit of their creditors.

On February 16, 1892, plaintiff in error, Mrs. Bruner, loaned Yost, Bigelow & Co. $1,000, payable one year from date, with interest at seven per cent after maturity, and took their note for it.

In February, 1895, plaintiff in error claims to have traded this note for the block 80 in controversy, taking it at a valuation of $1,200. The payment is claimed to have been made by the note for $1,000, with accrued interest $94, and cash $106.

The date of the deed was February 14, 1895. It was recorded May 25, 1895. Bruner testifies that it was not delivered until it was recorded. When he acknowledged the deed, he requested the notary not to say anything about it. Other deeds to relatives were executed by him, with similar requests when acknowledged.

On June 12, 1895, Yost, Bigelow & Co., owing Brown & Bruner $16,000, executed a mortgage to them, due in twelve months, upon their manufacturing plant. On the same day

they executed a note for $1,000 to plaintiff in error, intending it to take the place of the $1,000 note dated February 16, 1892, and secured it by mortgage upon the same plant, the two liens having equal priority. This note was delivered to Bruner, husband of plaintiff in error, he not notifying them that the original note had been transferred to him. This new note, with the assets of Brown & Bruner, by their assignment, passed to Curtis & Helm, their assignees. Plaintiff in error, being the payee of the note, subsequently transferred the legal title of the note to the assignees, by the following indorsement:

" This note, and mortgage securing same, was executed to Angeline Bruner by mistake, and should be assigned to the assignees of Brown & Bruner, which I now assign to correct said error.                    Angeline Bruner."

A settlement was afterward made by the assignees with Yost, Bigelow & Co., by which all claims against them, including this $1,000, were released, in consideration of the conveyance of their plant to the assignees. The testimony tends to show that the plant thus transferred would not sell for more than one-third of the indebtedness that it secured. The testimony also tends to show that in February, 1895, when Bruner received from plaintiff in error the original note of Yost, Bigelow & Co. for $1,000, that it was worth less than its face value; that said firm was then indebted in a large amount to Brown & Bruner, and also indebted to other parties, and were behind in interest payments, and their credit depreciated.

Defendant in error insists that the consideration claimed to have been paid for block 80 was not agreed upon at the time of making the deed, but was formulated afterward, at the time, or shortly after the time of the assignment. In support of this insistence, defendant in error lays stress upon the fact that both Bruner and Mrs. Bruner testify that the $1,200 consideration was paid by the $1,000 note, with $94 accrued interest and $106 in cash. Defendant in error cites the fact that the evidence shows that two years' interest had been paid on the note, and that in February, 1895, there was only one year's interest due, which

would be $70; but that if the consideration was agreed upon at the time of the assignment, the interest would have been about $94, and from these facts contends that this matter of the consideration was an afterthought. It is further shown by the evidence that the bank of Brown & Bruner had been insolvent for a year preceding the assignment and in straightened circumstances for five years. When the assignment was made, there was $117 in cash in the bank and $121,000 due depositors, and an additional liability of $25,000 on rediscounted paper.

Upon the other side, it appears from the evidence that plaintiff in error was a careful and industrious business woman, who had earned and accumulated money for years, and had loaned money at different times, and kept her accounts separate from her husband. There are other details in evidence, not necessary to be referred to.

After a careful examination, we can not say that the findings of the chancellor are unsupported by the evidence. A part of the testimony was heard in open court, and a part by the master. The evidence conflicting, and there being ample evidence on the part of the complainant to sustain the finding of the judge, when considered alone, his conclusion upon an issue of fact should not be disturbed.

It is urged by plaintiff in error that the assignees having settled with Yost, Bigelow & Co. by taking their plant, and surrendering, among other evidences of indebtedness, the $1,000 note payable to plaintiff in error and by her transferred to them, that defendant in error is estopped to deny the validity of the conveyance of block 80 for which the note was given.

It is said in Holcomb v. Boynton, 151 Ill. 294:

" The doctrine of estoppel *in pais* is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant, it must appear that the person against whom it is invoked has, by his words or conduct, caused him to believe in the existence of a certain state of things and induced him to act upon that belief. * * * The essential elements are : misrepresentation or concealment of material facts, ignorance of the truth of the matter by the party to whom the representations

were made, and reliance upon his part in acting upon the representations."

Adopting this explanation of an estoppel *in pais*, how can it be held that defendant in error is estopped by the action of the assignees of Brown & Bruner, in accepting the plant of Yost, Bigelow & Co. in settlement of the claims against them, including the $1,000 note released to them ? Plaintiff. in error, by her indorsement, conveyed the title of the note to the assignees. Her husband had received it in lieu of the original note for $1,000, which he held. Defendant in error had nothing to do with it. She made no representations and influenced no acts. It does not appear that defendant in error filed her claims with the assignees, or received any dividend from them. They were not her agents, nor were they the agents of the creditors, but were the agents of the parties making the assignment. Bouton v. Dement, 123 Ill. 142; Hanford Oil Co. v. First Nat. Bank, 126 Ill. 584.

Defendant in error was not estopped from attacking the transfer as fraudulent.

After decreeing that the deed from W. P. Bruner to Angeline Bruner should be set aside, the decree provides :

"That the complainant, Victoria Campbell, administratrix. be authorized to proceed upon the writ of *fieri facias* issued upon the judgment described in said bill of complaint, or issue another writ of *fieri facias* thereon, if it be necessary, and that the sheriff proceed to levy upon, advertise and sell said real estate for the satisfaction of said judgment. And it is further ordered, adjudged and decreed that the defendants, Angeline Bruner and William P. Bruner, pay all the cost of this proceeding incident to said block 80, and if the proceeds of the sale of the said block 80 be not sufficient to pay said judgment, interest and costs, and the costs incident to this suit, that the complainant have further execution for the same against the defendants Angeline Bruner and William P. Bruner."

In awarding judgment against plaintiff in error for any balance, the court erred. To this extent, the decree is modified; in all other respects it is affirmed.

Costs in this court will be taxed one-half against plaintiff in error and one-half against defendant in error.