PETER G. PARKEY *et al. v.* JAMES C. RAMSEY *et al.*

(*Knoxville.* September Term, 1903.)

1. **ESTOPPEL.** Conduct without knowledge, and not misleading does not operate as.

   To justify the principle of estoppel, it is material that the party shall be fully apprised of his rights, and shall by his conduct or gross negligence encourage or influence the purchaser; for, if he is wholly ignorant of his rights, or if the purchaser knows them, or if his acts or silence or negligence do not mislead or in any manner affect the transaction, there can be no just inference of actual or constructive fraud upon his part. (*Post, pp.* 307-308.)

   Cases cited and approved: Morris v. Moore & Hancock, 11 Hum., 433-435; Moses v. Sanford, 2 Lea, 659; Askins v. Coe, 12 Lea, '672; Collins v. Williams, 98 Tenn., 525; Crabtree v. Bank, 108 Tenn., 483; Coal Co. v. McDowell, 100 Tenn., 570.

2. **SAME.** Same. None where both parties know the facts, or have same means of knowing.

   Where there is a mutual mistake as to the effect of a court record to which the persons to be affected were parties, or where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel. (*Post, p.* 308.)

   Case cited and approved: Crabtree v. Bank, 108 Tenn., 483 (citing cases).

3. **SAME.** Same. Same. Knowledge, deceit, or gross negligence is necessary to constitute.

   To make the doctrine of estoppel applicable, the party having the estate must knowingly mislead the party purchasing, or be guilty of deceit or such gross negligence as to amount to evidence of intent to deceive. (*Post, p.* 308.)

Parkey v. Ramsey.

Cases cited and·approved:   Estis v. Jackson (N. C.), 16 S. E.,
    7; 32 Am. St. Rep., 784; Holcomb v. Boynton, 151 Ill., 294; Mills
    v. Graves (Ill.), 87 Am. Dec., 314; Burgess v. Seligman, 107 U.
    S., 20.

4.  **SAME.** Same. Same. Same. Case in judgment.

Where land held by husband and wife as tenants by the entirety
    is devised by the husband to the wife for life, and the remainder
    to their two daughters, and after his death his widow, who was
    old and illiterate, caused the will to be probated, and ignorantly
    claimed under it, and afterwards suggested the purchase of the
    interest of one of the daughters to a contemplating purchaser,
    she is not estopped to claim the land nor to convey it to the
    other daughter, upon ascertaining that she was the sole owner
    of said land by survivorship, a fact of which she had been
    ignorant, especially when the purchaser was not influenced by
    her conduct, and had equal if not better opportunity and chance
    to know the true title.   (*Post, pp.* 304–309.)

Case cited and approved: Crabtree v. Bank, 108 Tenn., 491 (and
    citations).

5.  **ELECTION.**   Doctrine is applicable, when.

The doctrine of election, properly applied, is confined to narrow
    limits. · It rests upon the equitable ground that a party can not
    be permitted to claim inconsistent rights respecting the same
    subject-matter, and, if he claim an interest under an instru-
    ment, he must give full effect to the instrument so far as he
    can, as where certain property is willed to A, and in the same
    will certain property belonging to A· is given to B.   In such case
    A must elect between the two.   (*Post, pp.* 309-310.)

6.  **SAME.**  Doctrine is not applicable, when; case in judgment.

The doctrine of election is not applicable, where a husband de-
    vised to his wife a life estate in land held by them by the
    entirety, and the remainder therein to their two daughters;
    where the husband did not devise any of his estate to his wife,
    though he devised some of hers to their daughters.(*Post, pp.*
    304-305, 309-310.)

FROM HANCOCK.

Appeal from Chancery Court of Hancock County.—
HUGH G. KYLE, Chancellor.

SHIELDS, CATES & MOUNTCASTLE, C. E. DEVINE, and
COLEMAN & COLEMAN, for Parkey.

H. E. COLEMAN, for Ramsey.

MR. JUSTICE WILKES delivered the opinion of the
Court.

The bill in this cause is filed to set up title to a three-
tenths undivided interest in land in Hancock county,
and to have the same sold for partition and division.
The defendants claim title to the whole land, and the
bill seeks to remove this exclusive claim as a cloud upon
complainant's title to the three-tenths interest.

The facts as found by the court of chancery appeals
are that in 1886 William Parkey conveyed the lands
in controversy to Jno. Williams and wife, Catherine,
by deed, which was soon thereafter registered.   In 1889
Jno. Williams made a will, in which he devised the land
to his wife, Catherine, for life, with remainder to his
daughters Elizabeth and Nancy Ramsey, charging them
with the payment of one-fifth of its appraised value to

Parkey v. Ramsey.

his other children, and giving them also his household and kitchen furniture. He died in September, 1889, and the will was probated at the instance of his widow in October thereafter. The daughters, Elizabeth and Nancy, divided the furniture as the will provided, the mother assisting in the division. The widow, Catherine, claimed under the will a life estate in the land until January, 1895, when she deeded it in fee to her daughter Nancy Ramsey. The court of chancery appeals reports that the widow, Cartherine, was an old, illiterate woman, who did not know until the day or day before she made the deed to Nancy Ramsey that she had any right to the land under the deed of Wm. Parkey, but supposed the only interest she had was the life estate under the deed of her husband; and that court says that it is reasonable to infer from this circumstance that until this time she only claimed a life estate under her husband's will and may have so stated to complainant Peter G. Parkey, but upon getting legal advice she became aware that she owned the whole land by survivorship under the deed from Wm. Parkey, and, being apprised of this fact, she at once deeded the land to her. daughter Nancy in consideration of care and support theretofore given and thereafter to be given to her by her daughter. It was claimed that the daughter Nancy and her family poisoned the mind of the old lady against Elizabeth, and in this way obtained the deed by undue means.

After recapitulating the evidence bearing on this feature of the case, the court of chancery appeals reports that it is wholly insufficient to establish the charge that the old lady was improperly or fraudulently induced to make the deed, but that she made it of her own accord so soon as she was advised she owned the fee to the land. The tract of land is worth $2,200 to $2,500. Complainants purchased the supposed interests of certain of the children of Elizabeth, upon the idea that the land passed under the will, and that they were entitled to remainders in Elizabeth's share; and the prices paid were the reasonable value of the interests purchased. These purchases were known to both the old lady and her daughter Nancy, but all the parties at that time thought the title to the land rested upon the will of Jno. Williams, and not upon the deed from Wm. Parkey to Jno. Williams and wife.

The contention for complainants may be thus formulated: They claim that the widow had her husband's will probated and claimed under it, and they bought in view of these facts, without objection from the widow, and that the widow and those under her are now estopped to set up a different title. It is answered that, while this is so, the old lady was in ignorance of her true title, and so were the other parties. By an amendment to the original bill, complainants go a step further, and charge that the widow requested and urged complainants to buy the land. Upon this feature of the case the court of chancery appeals reports that it is

probable that the old lady did say something to Parkey about buying the land, but this is not stated as a fact, but that they did not buy because of any request from her, but upon their own belief that the title vested under the will of Jno. Williams, and they thought that the title they were getting was good, and the price reasonable. The court of chancery appeals reports that the evidence fails to show any claim of the daughter Nancy under the will of Jno. Williams, except the taking of her share of the household and kitchen furniture bequeathed under the will to herself and her sister Elizabeth.

Under these facts, the first question is, was Mrs. Williams, the widow, estopped to claim under the joint deed to herself and husband after she was advised of her rights thereunder; and, if so, does such estoppel operate against her conveyee, Mrs. Ramsey? In *Morris v. Moore & Hancock*, 11 Hum., 433-435, it is said: "To justify this principle of estoppel, it is material that the party shall be fully apprised of his rights, and shall by his conduct or gross negligence encourage or influence the purchaser, for, if he is wholly ignorant of his rights, or if the purchaser knows them, or if his acts or silence or negligence do not mislead or in any manner affect the transaction, there can be no just inference of actual or constructive fraud upon his part." This principle is approved in a number of cases. We cite *Moses v. Sanford*, 2 Lea, 659; *Askins and Wife v. Coe*, 12 Lea, 672; *Collins v. Williams*, 98 Tenn., 525, 41 S. W., 1056;

*Crabtree* v. *Bank,* 108 Tenn., 483, 67 S. W., 797; *Tenn. Coal Co.* v. *McDowell,* 100 Tenn., 570, 47 S. W., 153.

In the case of *Crabtree* v. *Bank,* supra, the gist of the decision is that there will be no estoppel when there was a mutual mistake as to the effect of a court record to which the persons to be affected were parties, and that when the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel; citing quite a number of cases.

Pomeroy says that, to make the doctrine applicable, the party having the estate must knowingly mislead the party purchasing, or be guilty of deceit or of such gross negligence as to amount to evidence of intent to deceive. 2 Pom. Eq. Jur., section 807.  To the same effect, see *Estis* v. *Jackson*  (N. C.), 16 S. E., 7, 32 Am. St. Rep., 784; *Holcomb* v. *Boynton,* 151 Ill., 294, 37 N. E., 1031; *Mills* v. *Graves* (Ill.), 87 Am. Dec., 314; *Burgess* v. *Seligman,* 107 U. S., 20, 2 Sup. Ct., 10, 27 L. Ed., 359.

Now, as found by the court of chancery appeals, the most that can be said is that an old, illiterate woman, in utter ignorance of her title in fee to the land, and believing that she had only a life estate in it, expressed a willingness or wish for complainants to buy the remainder interest, when they had ready access to the records showing the true title, and, having superior business experience and knowledge, could have formed a correct judgment as to her rights; and the court of chancery appeals finds that the evidence does not justify any inference that complainants relied upon any repre-

sentations as to the title to the land made by Mrs. Williams, but they, with her, acted on the idea that the title vested under the will of her husband. °

Complainants concede the correctness of the law as laid down, but insist that the facts as found by the court of chancery appeals show an active inducement to complainants to buy, in that Mrs. Willaims probated the will, claimed under it, talked with the purchaser about the purchase, suggesting the purchase, and in that way inducing the purchase upon the idea that the title vested under the will.

We are of opinion that the court of chancery appeals was correct in holding, notwithstanding these features, that Mrs. Williams and those claiming under her were ignorant of the true state of the title, and that complainants had equal, if not better, opportunity and chance to know the true title, and that the purchasers were not influenced by her statements or acts, and hence they are not estopped to set up the true title. We are of the opinion that under the facts stated by the court of chancery appeals, and the law as laid down in the cases—especially *Crabtree* v. *The Bank,* 108 Tenn., 491, 67 S. W., 797, and cases there cited—the widow, upon learning, as a matter of fact, for the first time, of her true title, was not estopped to set it up by the fact that she had ignorantly claimed under the will, and had told complainant, in effect, that much.

It is next said that Nancy Ramsey and those claiming under her elected to take under the will of Jno. Wil-

liams, and not under the deed from Wm. Parkey. We do not think this is a case where the doctrine of election applies. This doctrine of election properly applied, is confined to narrow limits. It rests·upon the equitable ground that a party cannot be permitted to claim inconsistent rights respecting the same subject-matter, and, if he claim an interest under an instrument, he must give full effect to the instrument so far as he can. The typical case stated to illustrate the rule is where a testator gives to A. certain property, and in the same will gives a third person property belonging to A. In such case A. must elect between the two. If he accept the gift to himself under the will, he must affirm and carry out the gift of his own property to the third person. Now, in this case it is evident that Jno. Williams did not give any of his estate to his widow, and some of her estate to a third person, thus requiring her to elect whether she would take the devise to her, or surrender her own property given by him to some one else.

Upon the whole case, we see no error in the decree of the court of chancery appeals, and it is affirmed.