RAGLAND *v.* CRAIG *et al.*

(*Nashville,* December Term, 1948.)

Opinion filed April 30, 1949.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for appellant.

WILLIAM SUGG, of Nashville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The question presented here is whether complainant, Margaret Grooms Ragland, is put to an election between claiming her title under the deeds in question and claiming the benefits provided by the will of her deceased husband, Allen Thurman Ragland. Complainant and her deceased husband held title to the valuable real estate as tenants by the entirety. Item 3 of the will of Allen Thurman Ragland is as follows:

"Item 3: I devise to my said wife, Margaret Grooms Ragland, an estate for her natural life in and to all interest owned in property upon which our residence is located at the time of my death, including all real estate comprising the 'Home Place.' At the death of my said wife the remainder interest in the entire 'Home Place' shall pass to and become the property of my then living children, share and share alike, with the share of any deceased child or children to pass to its or their children or descendants, in equal portions."

The chancellor held that the testator intended by said Item 3 of his will to devise to complainant only his in-

terest in said real estate, and that complainant was not put to an election between claiming under the deeds executed to her and the testator and claiming the benefits provided for her under the will.

 In *Walker* v. *Bobbitt*, 114 Tenn. 700, 88 S. W. 327, it was held that where a husband devises to his wife all of his estate, both real and personal, for life, and the only interest the testator had in any land was that in a tract of land held by him and his wife by the entirety, the wife took by survivorship the entire interest in the said tract of land, and was not deprived of the remainder interest therein, notwithstanding she took under the will, and accepted its provisions, for the doctrine of election is not applicable to such a case. See *Parkey* v. *Ramsey*, 111 Tenn. 302, 76 S. W. 812.

"This doctrine properly arises where a testator manifests a clear intention to dispose of property not his own, and by other parts of his will from his own estate confers benefits upon the owner of that property. *Dashwood* v. *Peyton*, 18 Vesey, 41. In such case the owner is put upon his election, and if he accepts the benefits he is excluded or estopped from asserting claim to the property so disposed of. But as we understand, this rule or doctrine is not applied save in a case of property in which the testator has no interest. If he has some interest of his own (more than mere possession) in the thing disposed of, bequeathed by him, he will be deemed by his use of general terms to have intended only a bequest or a devise of his interest, and the owner will not be put to an election between maintaining his former title and claiming the new benefits provided by the will. *McGinnis* v. *McGinnis*, 1 Ga. 496; *Havens* v. *Sackett*, 15 N. Y. 365;

*Leonard* v. *Steele*, 4 Barb., N. Y. 20." *Walker* v. *Bobbitt*, 114 Tenn. 704, 705, 88 S. W. 327, 328.

"In order to create the necessity for an election, there must appear upon the face of the will itself, or of the other instrument of donation, a clear unmistakable intention, on the part of the testator or other donor, to dispose of property which is in fact not his own. This intention to dispose of property which in fact belongs to another, and is not within the donor's power of disposition, must appear from language of the instrument which is unequivocal, which leaves no doubt as to the donor's design; the necessity of an election can never exist from an uncertain or dubious interpretation of the clause of donation. It is the settled rule that no case for an election arises unless the gift to one beneficiary is irreconcilable with an estate, interest, or right which another donee is called upon to relinquish; if both gifts can, upon any interpretation of which the language is reasonably susceptible, stand together, then an election is unnecessary." Pomeroy's Equity Jurisprudence, 5th Ed. Vol. 2, Section 472, p. 349, Section 472.

█ It, therefore, follows that complainant, Margaret Grooms Ragland, was not required to make an election, but that she is the owner in fee of the property in question and is entitled to make a deed thereto. The decree of the Chancellor is affirmed. All concur.