(No. 13773.—Judgment affirmed.)

THE PEOPLE *ex rel.* Deck D. Baber, Plaintiff in Error, *vs.* E. E. COVALT *et al.* Defendants in Error.

*Opinion filed April 21, 1921—Rehearing denied June 9, 1921.*

SCHOOLS—*when school district may be annexed to adjoining district for failure to conduct school for two years.* Under section 50 of the School law the trustees of schools may annex to one school district all the territory of an adjoining district which has failed to conduct a school for two years; and the fact that the latter district, by agreement with the former and with the consent of the county superintendent, has been sending all its pupils to the schools of the former district and has been paying their tuition by taxation does not constitute the maintaining of a school in the latter district, as meant by section 121 prior to its amendment in 1911.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JOHN H. MARSHALL, Judge, presiding.

GEORGE BRISTOE, State's Attorney, and A. C. & B. F. ANDERSON, for plaintiff in error.

SHEPHERD, TROGDON & DOLE, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Upon leave of court an information was filed by the State's attorney of Edgar county, on relation of Deck D. Baber, charging that defendants in error unlawfully held and exercised the offices of members of the board of education or school directors of a certain municipality known as school district No. 103 of town 13, north, range 14, west of the second principal meridian, in Edgar county, Illinois, comprising certain lands described in the information. The information is in two counts, both of which charge the usurpation of said offices.

The defendants filed their plea, in which they averred that they are the duly elected and qualified board of education of school district 104 of said town and county; that the trustees of schools of said township, at a meeting held

on the third day of April, 1911, refused a certain petition presented by C. W. Ross and others praying for the annexation of school district 103 to school district 104, and thereupon said board of trustees of its own motion, under section 50 of the general School law, annexed all the territory of school district 103 to school district 104 on the ground that school district 103 had failed for two years, as provided by law, to maintain and conduct a school, and that it is by virtue of the action of the board of trustees aforesaid that the defendants are now acting as the board of education or school directors of district 103.

A replication was filed to the plea of the defendants, setting forth, in substance, that for more than two years prior to April 3, 1911, the board of directors of school district 103, with the consent of the county superintendent of schools of Edgar county, entered into an agreement with the school directors of school district 104, in and by which it was agreed that pupils of school district 103 should attend the school in school district 104 upon payment of certain tuition or compensation by school district 103; that all the pupils during said time residing within school district 103 did so attend the school in school district 104 with the full knowledge of the board of trustees and by the consent of the county superintendent of schools, and that the directors of school district 103, out of funds levied and collected as taxes for that district, paid the tuition of such pupils to the school directors of school district 104; that such act constituted, within the law, the maintenance of a school in school district 103; that the performance of this agreement with knowledge of the defendants is not a failure to maintain a school in school district 103, and that the defendants are estopped to exercise any jurisdiction over school district 103 or to claim any benefit from the annexation so alleged to have been made by the board of trustees. The replication concluded with a verification and prayer for judgment, and not to the country.

A general and special demurrer was filed to the replication, setting out as special grounds for demurrer that the county superintendent of schools and the directors of school districts 103 and 104 had no legal right to enter into the alleged contract set forth in the replication; that the replication did not show such contract to have been made at a regular or special meeting of the directors of the said school districts and reduced to writing or placed upon the records kept by such officials; that from the lapse of time and due consideration of the public interests the court was justified in exercising its discretion in refusing to permit the information to be further prosecuted by the People; that such replication, if true, is not a legal ground upon which the directors of school district 103 could or should refuse to maintain a school in such district. The court sustained a demurrer to the replication, and plaintiff in error abiding his replication, the proceeding was dismissed at his costs.

Treating all undenied facts appearing in the plea and replication as true, it is evident that the board of township trustees was justified, under section 50 of the School law, in annexing the territory of district 103 to district 104 on the ground that district 103 had failed for two years to conduct a school. Section 50 of the School law provides as follows: "If any school district shall, for two consecutive years, fail to maintain a public school as required by law, it shall be the duty of the trustees * * * to attach the territory of such district to one or more adjoining districts." By his replication plaintiff in error contends district 103 was during the two years prior to April, 1911, conducting a school by arrangement with district 104, under which arrangement the children of district 103 were being sent to the school conducted by district 104 and the tuition paid by district 103, and that by so doing it was conducting a school according to law.

By the ninth clause of section 114 of the School law boards of directors are required "to establish and keep in

operation for at least seven months in each year, and longer if practicable, a sufficient number of free schools for the accommodation of all persons in the district over the age of six and under twenty-one years and. to secure for all such persons the right and opportunity to an equal education in such schools." Section 121, prior to its amendment on July 1, 1911, provided as follows: "Pupils may be transferred from one district to another upon the written consent of a majority of the directors of each district, which written consent shall be filed with the treasurer and shall be evidence of such consent. The duty of collecting the amount due on account of pupils transferred shall devolve upon the directors of the district in which the school was taught."

The question arising on the replication of plaintiff in error is whether or not under section 121 the directors of school district 103 could send all of their children into school district 104 and still comply with the requirements of clause 9 of section 114 that they maintain a school. We think not. It seems clear that transferring pupils to a school maintained by another district is not maintaining a school by the district in which pupils reside. It is just this situation which the legislature evidently intended to be the basis of annexing the territory of such district to another district where schools are being maintained. Section 114 positively requires that the directors of a school district conduct a school for at least seven months in the year, and the provision of section 50 that in case a school district shall for two consecutive years fail to maintain a public school as required by law must be construed as referring to the law imposing duties upon boards of directors concerning the maintenance and conduct of such schools. This, as we have seen, under clause 9 of section 114 of the School law, is that they shall conduct schools in their districts for a period of at least seven months in each year.

Section 121 was amended in 1911 so as to permit a district to send all of its pupils into another district where the number of its pupils is five or less. Whether or not since such amendment a district sending all of its pupils to another district can still be said to be conducting a school does not arise here, as there was no provision of the statute of that character in existence prior to April, 1911. The board of directors of district 103 was not during the two years prior to April, 1911, conducting a school as required by section 114 of the School law, and the township trustees were therefore justified in annexing the territory of district 103 to district 104. The circuit court therefore did not err in sustaining the demurrer to the replication of the relator and in entering judgment in bar and for costs against him.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*