(No. 14864.—Judgment affirmed.)
GEORGE J. HABERER & Co., Appellant, *vs.* FRED SMERLING, Appellee.

*Opinion filed February 21, 1923—Rehearing denied April 4, 1923.*

1. CORPORATIONS—*powers of corporation are governed by statute.* The Corporation act, and not the statement in the certificate of incorporation, determines the powers that can be exercised by a corporation.

2. SAME—*a corporation cannot engage in real estate brokerage business.* A charter of a corporation authorizing it to engage in a general brokerage business cannot be construed to include real estate brokerage, as such construction is in direct conflict with the positive provisions of section 2 of the Corporation act of 1919 prohibiting real estate brokerage corporations, and such corporation has no authority under section 3, providing for the organization of agency and loan corporations, to make a contract to sell real estate for a third party for a certain commission.

3. STATUTES—*all sections of a statute will be given effect, if possible.* Statutes will be so construed, if possible, as to give effect to all the sections thereof.

4. BROKERS—*difference between a broker and an agent.* Every broker is, in a sense, an agent but not every agent is a broker, and while there are incidents common to both relations, the broker usually has very few characteristics of the ordinary agent but stands rather in the attitude of one to whom the offer of a unilateral contract is made.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WIL-LIAMS, Judge, presiding.

JOHN A. BROWN, (JOHN LYLE VETTE, of counsel,) for appellant.

WILLIAM S. HEFFERAN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The principal question involved in this case is whether or not a certain contract made and entered into between the appellee, Fred Smerling, and the appellant corporation, is *ultra vires* the corporation. The contract is based upon certain correspondence occurring between the appellant and appellee regarding the sale of the latter's property in the city of Chicago. The statement of claim filed in the municipal court of Chicago sets forth that the appellant wrote a letter to the appellee stating that it was of the opinion that a purchaser could be found for appellee's property on Milwaukee avenue and asked appellee to put a price on it, to which the latter replied that he would take the sum of $80,000, and the statement of claim alleges that thereafter an oral contract was made between the parties hereto, by which the appellant agreed to secure a purchaser for the property for the sum of $80,000 and was to receive three per cent of the purchase price as its fee as agent of appellee in making the sale. The statement of claim alleges that appellant did secure a purchaser ready, able and willing to buy and that through fault of the appellee no sale was consummated, and that the appellee was indebted to the appellant in the sum of $2400. By the amended affidavit of merits filed by appellee it is alleged, among other defenses, that the plaintiff therein has no cause of action against the defendant for the reason that its charter does not permit

it to make a contract of the character sued upon. The municipal court entered judgment against appellee in the sum of $2400. On appeal the Appellate Court reversed the judgment without remanding, holding that the contract was *ultra vires* the corporation. The cause comes here on a certificate of importance.

Appellant was incorporated in 1913 under the general Incorporation act of 1872. Its charter provides: "The object for which it is formed is to buy, sell, deal in and manufacture merchandise of all kinds and description, and to do a general brokerage and commission business, and to buy property of judicial, fiduciary trustees, pledges and other liquidating or private sales, other than corporate stocks and real estate, and to convert the same into money, but not to engage in the business of loaning money." It also procured a license from the city of Chicago "to conduct the business as broker." Section 2 of the general Corporation act, approved June 28, 1919, provides that corporations may be organized under that act for any lawful purpose, "except for the purpose of banking, insurance, real estate brokerage," etc.

It is contended by appellant that under section 3 of the general Corporation act, approved June 28, 1919, it had power to act as agent for the sale of real estate in this case. Section 3 provides as follows: "Corporations may be organized hereunder for any one of the following purposes: * * * Agency and loan corporations, for the purpose of acting as agents for others in the purchase, sale, renting, and management of real estate and leasehold interests in the operation of an insurance agency business, in the negotiation of loans on real estate and leasehold interests, of lending money on bonds or notes secured by mortgages or trust deeds on real estate or leaseholds or on the mortgage bonds of industrial or railroad companies or of any public service corporation, or on any State, municipal or *quasi* municipal bonds, or for the purpose of buying, sell-

307—13

ing, pledging, mortgaging or otherwise dealing in any of such securities."

Counsel for appellant contend that the provision for an "agency and loan corporation," in section 3, extends the privilege to appellant to act as real estate agent, and that section 3 is to be taken as a modification of section 2, which prohibits the incorporation for real estate brokerage purposes. Counsel argues that it is evident that the legislature permitted the prohibition against the business of real estate brokerage, as contained in the act of 1872, to remain in the general Corporation act of 1919 through inadvertence, and that the two sections being inconsistent, the latter provision must control. An examination of the legislation on this matter will aid in determining the last point urged.

Section 1 of the Corporation act of 1872 prohibited the organization of corporations for real estate brokerage purposes. The law remained in this condition until 1915, when the legislature passed an act entitled "An act concerning real estate agency corporations," approved June 23, 1915. (Hurd's Stat. 1915, p. 701.) Section 1 of this act provided that corporations may be formed for the purpose of carrying on the real estate agency business. Section 2 defined real estate agency business to consist of acting as agent for others in the purchase, sale, renting and management of real estate and leasehold interests and in negotiating loans on real estate. This act was held unconstitutional, as violating section 13 of article 4 of the constitution, regulating amendments. (*People* v. *Stevenson*, 272 Ill. 325.) In 1917 section 1 of the Corporation act of 1872 was amended. (Laws of 1917, p. 310.) The provision of the original section forbidding organization of corporations for real estate brokerage purposes was, however, retained in the act. The sixth proviso of section 1 as amended provided that "corporations may be formed under this act for the purpose of carrying on the real estate agency business," and defined real estate agency business as the same was defined under

the act attempted to be passed in 1915. In 1919 the general Corporation act was passed revising the Corporation law of the State. (Laws of 1919, p. 316.) Section 154 expressly repealed sections 1 to 28½ of the Corporation act of 1872. Section 2 of the act of 1919, as we have seen, is in the exact language of section 1 of the act of 1872, and prohibits the organization of corporations for real estate brokerage purposes. Section 3, as herein noted, provides for "agency and loan corporations." The closing sentence of section 3 is as follows: "No corporation organized for one of the purposes specified in this section shall have any other object or purpose." Section 138 provides: "Any corporation heretofore organized under any special or general law of this State (other than for the purposes of banking, insurance, real estate brokerage, the operation of railroads or the business of loaning money, except as in this act specifically provided) shall be entitled to the rights, privileges, immunities and franchises provided by this act."

It will be seen that the various enactments of section 1 of the Corporation act of 1872, prohibiting organization of corporations for real estate brokerage purposes, were not retained through inadvertence. In addition it may be observed that if the rule sought to be invoked here were to apply, that a later section of a statute will control if inconsistent with an earlier section, then, since section 138 of the act excludes real estate brokerage corporations from the benefits of the act, section 3 can hardly be said to control. The term "general brokerage business," appearing in the charter of appellant, does not specifically include real estate brokerage, and could not, owing to the provisions of the law under which it was organized. The law, and not the statement in the certificate of incorporation, determines the powers that can be exercised by the corporation. (*People* v. *Chicago Gas Trust Co.* 130 Ill. 268.) Appellant had no authority, under its charter or the Corporation law, to engage in the real estate brokerage business.

But it is contended that since under section 3 corporations could be organized as agency and loan corporations, "for the purpose of acting as agents for others in the purchase, sale, renting, and management of real estate and leasehold interests in the operation of an insurance agency business," appellant has power to make an agency contract of the character involved here. Appellant was not organized as an agency and loan corporation but as a corporation to do a general brokerage business and to buy and sell property, "other than corporate stocks and real estate." The provisions of section 3 cannot be construed as authorizing a corporation organized under the act of 1872 to engage in the real estate brokerage business. Such construction would be in direct conflict with the positive provisions of section 2 of the act, prohibiting real estate brokerage corporations. Section 138 of the act of 1919 excludes such corporations from the benefits of the act. It is a well settled rule of statutory construction that sections of a statute should be so construed, if possible, as to give effect to all. Every broker is, in a sense, an agent, but not every agent is a broker. While there are incidents common to both relations, the term "real estate brokerage" contemplates engaging in the business of real estate brokerage. (*O'Neill* v. *Sinclair*, 153 Ill. 525.) The broker has, usually, very few characteristics of the ordinary agent, but stands rather in the attitude of one to whom the offer of a unilateral contract was made. (2 Mechem on Agency,—2d ed.— secs. 24-29.)

We are of the opinion that the Appellate Court was right in holding that the contract in this case was *ultra vires* the appellant corporation. Under this view of the case other assignments of error need not be considered.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*