(No. 26603.—

THE PEOPLE *ex rel.* Clarence Gamble, Appellee, *vs.* J. FLOYD McKINSTRY *et al.* Appellants.

*Opinion filed May 13, 1942—Rehearing denied June 11, 1942.*

HARRY S. STREETER, and C. M. GRANGER, for appellants.

JOSEPH J. TOLSON, JR., State's Attorney, and W. H. DYER, (WAYNE P. DYER, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

A writ of *mandamus* issued from the circuit court of Kankakee county commanding the trustees of schools for Township 32 north, range 14 east of the 3rd P.M., to transfer and annex the territory constituting school district No. 16 in that county to one or more adjoining districts under the provisions of section 50 of the School law. (Ill. Rev. Stat. 1941, chap. 122, par. 50.) The trustees have perfected an appeal directly to this court.

It is first necessary to consider a motion made by the appellee to transfer the cause to the Appellate Court, which was taken with the case. This motion must be denied because a franchise is involved. Section 104 of the School

law (Ill. Rev. Stat. 1941, chap. 122, par. 112) provides as follows: "The directors of each district shall be a body politic and corporate, by the name of 'school directors of district No. ――――, County of ――――――, and State of Illinois,' and by that name may sue and be sued in all courts and places where judicial proceedings are had." The judgment of the trial court would for all practical purposes destroy this corporate entity and the appeal has properly been taken to this court.

It appears from the record that during the school years from 1939 to 1941 there were less than six pupils residing within the borders of school district No. 16. It further appears, however, that during this time these pupils were sent to the adjoining district No. 13 and that their tuition and transportation charges were paid for by the directors of district No. 16. During this time no teacher was hired for district No. 16 and the school house in that district stood idle.

The question for our decision requires a construction of two separate, and apparently conflicting sections of the School law. Section 50 of the School law, adopted in 1909 (Ill. Rev. Stat. 1941, chap. 122, par. 50) provides: "If any school district shall, for two consecutive years, fail to maintain a public school as required by law, it shall be the duty of the trustees of schools of the township, or townships, in which such district lies, to attach the territory of such district to one or more joining districts." This is the section under which the circuit court acted. Section 114 of the same act (Ill. Rev. Stat. 1941, chap. 122, par. 122) provides in part, "The board of directors shall have the following additional duties: * * * Ninth—To establish and keep in operation for at least eight months in each year, and longer if practicable, a sufficient number of free schools for the accommodation of all persons in the district over the age of 6 years and under 21 years and to secure for all such persons the right and opportunity to an equal

education in such schools." Prior to 1911, section 121 of the act (Laws of 1909, p. 376) provided: "Pupils may be transferred from one district to another upon the written consent of the majority of the directors of each district, which written consent shall be filed with the treasurer and shall be evidence of such consent. The duty of collecting the amount due on account of pupils transferred shall devolve upon the directors of the district in which the school was taught." In *People ex rel. Baber* v. *Covalt,* 297 Ill. 621, we held that under the statute as it existed prior to 1911, the trustees of schools were justified in annexing the territory of one district to others where the dismembered district was sending pupils to other districts. However, in 1911, section 121, *supra,* was amended to read as follows: "Whenever the number of children between the ages of six and sixteen years, in any district school shall be fewer than six, it shall be lawful for the directors of such district to arrange for the transfer of pupils and, when necessary, provide free transportation for them to a neighboring school. Such transfer and free transportation shall be held to be a compliance with paragraph nine of section 114 of this Act, entitling said district to receive its share of the funds distributed in accordance with section 35 of this Act." Laws of 1911, p. 516.

The purpose of construing statutes is to arrive at the true legislative intent and all sections must be construed together so as to give effect to all, if that be possible. (*Haberer & Co.* v. *Smerling,* 307 Ill. 191; *People ex rel. Kerrick* v. *Highway Comrs.* 270 id. 141.) In ascertaining the intention of the legislature the whole act must be given consideration, together with the state of the law prior to its adoption, any changes made by the act and the apparent motive for making those changes. *People ex rel. Stuckart* v. *Chicago, Burlington & Quincy Railroad Co.* 290 Ill. 327.

We think the amendment of 1911 made to section 121, *supra,* is decisive of this case. It specifically permits a dis-

trict with less than six pupils to send all of them, transportation paid, to other districts and provides that such a transfer and transportation shall be a compliance with the mandate of the act requiring maintenance of a free school. This amendment would be totally void and meaningless if construed as it has been in the present case. We believe that by providing transportation and tuition the directors of the district were acting within their corporate authority and the specific provisions of the 1911 amendment. It is entirely possible a shift in economic conditions might place a school district in a position where it would be desirable temporarily to send its pupils to another district and that the legislature intended that such a condition should not, *ipso facto,* effect the destruction of the district's corporate franchise.

It is necessary that the judgment of the circuit court of Kankakee county be reversed.

*Judgment reversed.*