(No. 32291.—

THE BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT NUMBER 227, Appellee, *vs.* NOBLE J. PUFFER, County Superintendent of Schools, Appellant.

*Opinion filed March 20, 1952.*

JOHN S. BOYLE, State's Attorney, of Chicago, (ROBERT F. ZADEK, and RUDOLPH L. JANEGA, of counsel,) for appellant.

FRANKLIN W. KLEIN, of Chicago, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is a direct appeal to this court from the circuit court of Cook County involving a construction of the constitution and the validity and construction of certain sections of the School Code.

The Board of Education of Township High School District No. 227, Cook County, hereinafter referred to as appellee, filed a complaint in equity seeking an injunction permanently enjoining Noble J. Puffer, County Superintendent of Schools of Cook County, hereinafter referred to as appellant, from attaching Township High School District No. 227 to another school district or districts, and from dividing the property of said school district and otherwise proceeding with respect to it under the provisions of sections 3-51.1 and 4-34 of the School Code, as amended. (Ill. Rev. Stat. 1951, chap. 122, par. 3-51.1, and par. 4-34.) These sections of the Code are part of Senate bill 362 enacted by the Sixty-seventh General Assembly and coming into effect on June 27, 1951.

Section 3-51.1 of the School Code provides for the attachment of dissolved school districts to other existing districts by the County Superintendent of Schools, if, in fact, such districts have been dissolved by section 4-34 of the act.

The pertinent section under consideration in this cause is section 4-34 of the School Code. (Ill. Rev. Stat. 1951, chap. 122, sec. 4-34.) As amended on June 27, 1951, this section provides that if any school district other than a non-high-school district shall for two consecutive years after the school year ending June 30, 1949, fail to maintain within the boundaries of said school district a recognized public school as required by law, such district shall become automatically dissolved and the property and territory of such district shall be disposed of in the manner provided for the disposal of territory and property in section 3-51.1 of the act. A further provision is contained in section 4-34

that when a school district has legally authorized the building of a school and legally selected a schoolhouse site and has issued bonds for such building it shall not be dissolved if the Superintendent of Public Instruction and the County Superintendent of Schools shall jointly find and certify that the building has been authorized, the site selected and bonds issued.

In the instant cause it appears that Township High School District No. 227 was duly organized as a township high-school district on April 18, 1949, and has operated as a township high-school district since that date. It does not own its own buildings nor does it rent buildings within its boundaries, but sends its pupils to neighboring high-school districts. Approximately 420 pupils from Township District 227 attended high school in other districts in the school year 1950-51. On June 23, 1951, a special election was held in District No. 227 at which election the voters selected a site, authorized the Board of Education to purchase the site and to build a school building thereon, and to issue school building bonds in the amount of $1,250,000. The bonds have not been issued and sold by the Board of Education, which is the plaintiff and appellee herein.

The site is presently available and architects have been selected to draw the final plans. The bonds have not been issued, inasmuch as interest on the issue would amount to approximately $120 a day and the Board of Education felt the bonds should not be issued until the money was actually needed. It is anticipated that in future years the attendance in the district at high-school age will increase to about 1500 by 1960.

The appellant has notified District No. 227 in writing that the district is dissolved under section 4-34 and the County Superintendent of Schools and the State Superintendent of Instruction have refused to certify the existence of District No. 227 on the ground that the bonds have not been actually issued.

The trial court did not determine the constitutionality of any of the sections of the statute nor did it construe the constitution. It determined that under section 4-34 of the School Code as it existed prior to the amendment of June 27, 1951, High School District No. 227 had not failed to maintain a school as required by law for a period of two consecutive years subsequent to June 30, 1949.

The appellee contends that section 4-34 of the School Code is unconstitutional and that section 3-51.1 of the School Code is invalid because of its vagueness and uncertainty. It also contends that, assuming section 4-34 of the Code to be constitutional, the section is not applicable so far as to effect the dissolution of Township High School District No. 227, for the reason that until June 27, 1951, a Township High School District was not required by law to maintain a school within its boundaries and, therefore, the district had not failed for two consecutive years after June 30, 1949, to maintain within its boundaries a recognized school as required by law. The appellant, on the other hand, argues for a strict construction of the statute of 1951 and urges the dissolution of School District No. 227 on the ground it had not complied with section 4-34 of the Code.

To understand the decision of the trial court and to arrive at a decision in this cause it is necessary to look at the history behind the legislation in question here.

Prior to 1949 section 4-34 of the School Code (Ill. Rev. Stat. 1945, chap. 122, par. 4-34,) provided that if any school district shall for two consecutive years fail to maintain a public school as required by law, "or to arrange for the transfer and transportation of pupils to a neighboring school in accordance with Section 29-1," the trustees of the schools of the township in which such district lies shall attach the territory of such district to one or more adjoining districts. Section 29-1, referred to here, merely provided that pupils might be transferred from one dis-

trict to another upon the written consent of a majority of the directors or board members of each district, which consent should be filed with the treasurer and should be evidence thereof. It further provided that when a district had fewer than six children between the ages of six and sixteen the school board might arrange for the transfer of the pupils, and, when necessary, provide free transportation for them to a neighboring school.

At the same time, the statute contained a provision in section 10-15 whereby any district organized as a township high-school district which does not own its own high-school buildings might use its funds to pay the tuition of its pupils in other high schools.

In 1949, section 4-34 was amended to provide that if any school district shall for two consecutive years after the school year ending June 30, 1949, fail to maintain a public school as required by law, the trustees of the schools of the township in which such district lies shall attach the territory of such district to one or more adjoining districts. It is to be noted that there is no provision for a transfer of students as there was in the 1945 statute. At this same time, section 10-15, which allowed for the expenditure of funds by the school district for the enrollment of pupils in adjoining districts, was left intact and remained in full force and effect.

In 1951, the statute as heretofore set forth was enacted into law and section 10-15 of the act was repealed. It thereby became a duty of a township high-school district having no school for a period of two consecutive years to build and maintain said school or it would be dissolved, inasmuch as the power was taken from it to send its children to other high-school districts.

It was on this basis that the trial court held that prior to June 27, 1951, under the authority of section 10-15 of the School Code, High School District No. 227 was not required by law to maintain a school within its boundaries

to comply with the statute and that, therefore, High School District No. 227 had not failed for two consecutive years after June 30, 1949, to maintain within its boundaries a recognized public school as required by law and, therefore, had not been dissolved under section 4-34 as amended.

In *People ex rel. Baber* v. *Covalt,* 297 Ill. 621, we construed section 50 of the School Law which is the predecessor of section 4-34. That section provided that if any school district shall, for two consecutive years, fail to maintain a public school as required by law, it shall be the duty of the trustees to attach the territory of such district to one or more adjoining districts. In that case the children were sent by arrangement to other districts than the one in which they resided.

In the *Covalt case* we determined that such action did not exempt the school district from the application of the language of section 50, as it then was in force and effect, and affirmed the judgment of the circuit court approving the dissolution of the school district and its attachment to adjoining districts.

In *People ex rel. Gamble* v. *McKinstry,* 379 Ill. 528, heard by this court some thirty years later, it was held that the amendment to section 121 of the School Code, which is the predecessor of section 29-1, allowing a district having six or less children attending school to send such children to adjoining districts, constituted an exception to section 4-34. We there held that the amendment to section 121, now 29-1, was decisive of the case in that it specifically permitted a district with less than six pupils to send all of them, transportation paid, to other districts. We said that this amendment would be totally void and meaningless if strongly construed to prohibit the sending of such children and requiring the construction of a school building in accordance with the language of section 4-34.

In this historical outline of the cases and the legislation affecting the decision of this cause we find the solution to

the question before us. Prior to 1911, under the authority of the *Covalt case* and the language of the statute as it then existed, the maintenance of a public school was required by law. Subsequent to that date the section was modified by an exception which provided for the transfer of children to other districts when they were less than six in number. Prior to 1949, section 4-34 provided for the maintenance of a school or the transfer of children in accordance with section 29-1. Township high-school districts, however, were allowed to transfer their children in accordance with the provisions of section 10-15. This section is as much of an exception to the mandatory language of section 4-34 as is the language of 29-1. No effect can be given to the language of section 10-15 unless it be considered as applied to high-school districts which do not maintain schools within their confines. That this is a proper construction of the legislature's intention in leaving section 10-15 in the statute, while at the same time giving effect to the language of section 4-34, is indicated by the fact that, when section 4-34 was amended in 1951 to provide for an absolute dissolution if no schoolhouses were maintained in a district, it repealed in its entirety section 10-15 and section 29-1 as well.

If Township School District No. 227 conducted its business under the authority of section 10-15 which permitted it to send its pupils to another school, then it cannot be said that it was required to maintain a schoolhouse under the terms of section 4-34. Unless section 10-15 is an exception to 4-34 its words can have no meaning. It is not unusual that a special act may remain in force as an exception to a general act. *Ptacek* v. *Coleman,* 364 Ill. 618.

It is obvious that, in addition to giving effect to all sections of the statute as they existed prior to June 27, 1951, the position we have taken here also will satisfy the requirements of section 4-34 as it exists subsequent to June 27, 1951. In the instant cause a special election has been

held in School District 227 which was overwhelmingly in favor of the purchase of the school site, construction of a high-school building and the issuance of bonds. The architectural plans have been prepared, and the work of acquiring the school site and of constructing the building and the actual issuance of the bonds have been delayed only by the existence of this suit. The appellee has done everything within its power insofar as the peculiar circumstances of this case have warranted. It would be error to criticize it for its efforts to save the taxpayers' money or to construe the statute to allow the waste of funds. The bonds were not issued only because the appellee desired to save the taxpayers $120 a day in interest. That such an outlook is commendable on the part of public officials needs no citation of authority.

In view of the construction we have taken of the applicable sections of the School Code, it is unnecessary to discuss the other questions presented by the parties.

For the reasons stated herein, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*