(No. 32415.—

Louis A. Dolan *et al.*, Appellants, *vs.* Clifford Whitney *et al.*, Appellees.

*Opinion filed November 20, 1952.*

WILLIAMS, McCARTHY & KINLEY, of Rockford, (JOHN R. KINLEY, of counsel,) for appellants.

THOMAS & DAVIS, of Rockford, (CHARLES H. DAVIS, and HENRY H. CALDWELL, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This appeal involves the controversy which was before us earlier in *People ex rel. Dolan* v. *Dusher,* 411 Ill. 535. On August 2, 1950, Louis A. Dolan and others filed petitions with the county judge of Winnebago County, seeking to detach from Community Unit School District No. 321 the territory of certain former common school districts, and to re-establish those former districts. The petitions were filed under section 8-6 of the School Code as it then existed. (Ill. Rev. Stat. 1949, chap. 122, par. 8-6.) The county court found that there had been compliance with the statute, granted the petitions, and ordered that the territory of certain former common school districts be detached from the community unit school district and organized into common school districts.

Clifford Whitney and others, individually and as members of the Board of Education of district No. 321, prosecuted an appeal from the order of the county court to the circuit court of Winnebago County, pursuant to section 8-7 of the School Code. (Ill. Rev. Stat. 1949, chap. 122, par. 8-7.) On April 9, 1951, the circuit court found that the petitions for detachment conformed to section 8-6 of the School Code, as it was amended in 1949, but reversed the order of the county court on the ground that section 8-6 was not in effect because it had been repealed by implication by an amendment to section 8-14 of the School Code which was also adopted at the 1949 session of the General Assembly. We do not set forth or comment upon the process by which the circuit court reached its conclusion that a repeal by implication had taken place, because the case, as it is presently posed, does not depend upon that question.

On September 11, 1951, we granted the motion of Dolan and his copetitioners for leave to file an original petition for *mandamus* in this court. The relief sought was a writ of *mandamus* commanding the circuit judge of Winnebago County to expunge the order of the circuit court which reversed the order of the county court, and to enter an order affirming the order of the county court. The claim for this extraordinary relief by way of original *mandamus* was based, in part, upon the theory that section 8-7 of the School Code provided that an order of the circuit court under that section was final, and that therefore no appeal would lie from such an order.

This court, in *People ex rel. Dolan v. Dusher,* 411 Ill. 535, held that under the applicable statutes an order entered under section 8-7 of the School Code was final and not appealable insofar as it related to those matters specified in section 8-6, but that such an order was not conclusive or final as to any matter of fact or law not provided for in section 8-6. Since the order in question concerned other

matters, a right to review by appeal was available under sections 74, 75, and 76 of the Civil Practice Act, (Ill. Rev. Stat. 1951, chap. 110, pars. 198, 199, 200,) and the writ of *mandamus* was therefore denied. Subsequently, on April 8, 1952, Dolan and his copetitioners filed their petition for leave to appeal from the order of the circuit court of April 9, 1951. We granted the petition. A motion to dismiss the cause has been taken with the case.

The first question which arises concerns our jurisdiction to hear the present appeal. If jurisdiction exists upon direct appeal, it is because a franchise is involved within the meaning of section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1951, chap. 110, par. 199.) We have held that where the legality of the existence of a school district or the validity of its organization is directly in issue, a franchise is involved. (*People ex rel. Groff* v. *Board of Education*, 383 Ill. 166; *People ex rel. Simpson* v. *Funkhouser*, 385 Ill. 396; *People ex rel. Gamble* v. *McKinstry*, 379 Ill. 528.) Appellees assert that the present detachment proceedings assume the validity of the incorporation of district No. 321, and its continued existence, and they argue, therefore, that the order of the circuit court neither deprives the district of its existence nor purports to challenge the authority of its Board of Education. But more is involved than the franchise of district No. 321. The order of the county court re-established in the detached territory the common school districts which had formerly existed there. The existence, or nonexistence, of these common school districts is inevitably involved, and for that reason this court has jurisdiction upon direct appeal. *People* v. *Funkhouser*, 385 Ill. 396; *People* v. *McKinstry*, 379 Ill. 528.

Appellees' motion to dismiss the appeal is based upon the fact that sections 8-6 and 8-7 of the School Code, which are the sections upon which this proceeding was bottomed from the outset, have been repealed. In 1951 the

General Assembly, by House Bill No. 1189 (Laws of 1951, p. 1806,) expressly repealed sections 8-6, 8-7, 8-14, and fourteen other sections of the School Code. This bill provided that it should take effect on July 1, 1952. Another bill adopted in 1951 (House Bill No. 835, Laws of 1951, p. 1987,) enacted a new article 4B of the School Code. (Ill. Rev. Stat. 1951, chap. 122, pars. 4B-1 *et seq.*) This article, which also became effective on July 1, 1952, provides a new method of creating school districts and of changing the boundaries of existing districts. Neither of these bills contained any saving clause as to proceedings which might be pending under sections 8-6 and 8-7 of the School Code. The appellees contend that because of the repeal of those provisions which authorized the institution of the present proceeding, and the substitution of a totally new procedure for the detachment of territory from existing school districts, the proceeding has abated and the cause should be dismissed.

We were confronted with a similar question in *Board of Education* v. *Nickell*, 410 Ill. 98. There a county superintendent of schools granted a petition for the detachment of territory from one community unit school district and its annexation to another, under the procedure provided in section 8-6 of the School Code as it existed in 1947. An appeal was taken to the State Superintendent of Public Instruction who affirmed the order of the county superintendent on August 24, 1949. While the appeal was pending before the State superintendent, however, the provisions of sections 8-6 and 8-7 had been amended, effective July 28, 1949, to take authority over such matters away from the county superintendent and the State superintendent and to confer it upon the county court and the circuit court. We held that the proceeding to change the school boundaries which was pending upon appeal before the State supertendent abated at once when the amendment establishing a different procedure became effective. Our decision was

based upon the settled proposition that the unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect, it cannot be granted afterwards, "even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered." (*People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, 374.) As in the *Nickell case,* no vested right is involved in this action. The legislature, at its will, may divide, contract or expand the area of a school district and unite it with another district or even abolish it. (*People* v. *Deatherage,* 401 Ill. 25.) Section 4 of the Statutory Construction Act (Ill. Rev. Stat. 1951, chap. 131, par. 4,) is therefore inapplicable.

Appellants urge that this case is distinguishable from the *Nickell case,* but in our view no difference in principle exists. In the *Nickell case,* the administrative process had not been completed when the new law became effective; in the present case, the litigation had proceeded to the point where an appeal was pending in this court when the new law became effective. But what is important is that in neither case had the proceeding been concluded when the underlying statute was repealed without any saving clause protecting pending matters. Appellants also argue that the detachment proceeding here involved was "fully and finally determined" on April 9, 1951, when the circuit court entered its order finding that section 8-6 had been complied with. The present appeal, however, is necessarily from that order of the circuit court. That certain findings in that order would have been final if they had stood alone is not determinative. They did not stand alone, and therefore the order is appealable. (*People ex rel. Dolan* v. *Dusher,* 411 Ill. 535.) The conclusion of the circuit court that section 8-6 had been complied with cannot, as appellant urges, be separated from the conclusion of the same court in the

same order that section 8-6 had been repealed. We hold, therefore, that the motion to dismiss is well taken and that the cause abated on July 1, 1952, when the statute which authorized this proceeding was repealed.

Appellants' motion for an order directing appellees to bear the cost of adding to the transcript of record the portions consisting of objections to the petition for detachment, counterpetitions, additional objections, the testimony of two appellees, and four exhibits has been taken with the case. We agree with appellants that these portions of the record which were required by appellees' *praecipe* for additional record have no bearing upon the issues made and argued upon this appeal and are unnecessary and immaterial, within the contemplation of paragraph 3 of Rule 36 of this court. (Ill. Rev. Stat. 1951, chap. 110, par. 259.36.) The cost of preparing the unnecessary portions of the record is forty-two dollars. Appellants' motion is granted and costs in the amount of forty-two dollars will be assessed against appellees.

The appeal is dismissed.

*Appeal dismissed.*