(No. 32642.—

LINCOLN COMMUNITY HIGH SCHOOL DISTRICT No. 404, Appellant, *vs.* ELKHART COMMUNITY HIGH SCHOOL DISTRICT No. 406, Appellee.

*Opinion filed March 23, 1953.*

HARRIS & HARRIS, of Lincoln, for appellant.

HAROLD BROVERMAN, of Taylorville, and EDWIN C. MILLS, of Lincoln, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

This in an appeal from a judgment of the circuit court of Logan County affirming an order of the county superintendent of schools of such county detaching territory from Lincoln Community High School District No. 404, appellant, and annexing such territory to Elkhart Community High School District No. 406, appellee. The appeal is brought to this court since the constitutionality of a statute is involved.

This controversy arises out of the filing with the county superintendent of schools of a petition by legal voters residing in an area of about five sections lying within the Lincoln district, praying that such territory be detached from the Lincoln district and annexed to the Elkhart district. A public hearing was held at which reasons for and against the petition were heard and the county superintendent entered an order granting the prayer of the petition.

An application for review of the county superintendent's order was filed by appellant in the circuit court and on the same day it filed a complaint under the Administrative Review Act. The two causes were consolidated and

the trial court entered a judgment on June 27, 1952, affirming the order of the county superintendent. On June 30, 1952, appellant perfected its appeal to this court and upon motion an order for a *supersedeas* was granted.

The first contention of appellant is that there is now no statute in force to support the judgment, since the law under which these proceedings were instituted became ineffective while the appeal to this court was pending.

The petition for alteration of school district lines, out of which this cause arose, was filed under the provisions of section 10-17 of the School Code. (Ill. Rev. Stat. 1951, chap. 122, par. 10-17.) Sections 10-17, 10-18 and others were repealed by House Bill No. 1189, (Laws of 1951, p. 1806,) and House Bill No. 835 (Laws of 1951, p. 1987,) created a new method for changing the boundaries of existing school districts, designated as article 4B of the School Code (Ill. Rev. Stat. 1951, chap. 122, pars. 4B-1 *et seq.*) Both bills were enacted by the General Assembly in 1951 and each provided that it should take effect on July 1, 1952. Neither House Bill 1189 nor House Bill 835 contained any saving clause as to proceedings which might be pending under sections 10-17 and 10-18 of the School Code on the effective date of the repeal.

It is settled law in this State that the unconditional repeal of a special remedial statute without any saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect, it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered. *People ex rel. Eitel* v. *Lindheimer,* 371 Ill. 367, 374; *Dolan* v. *Whitney,* 413 Ill. 274, 279.

Appellee argues, first, that the Statutory Construction Act (Ill. Rev. Stat. 1951, chap. 131, pars. 1, 2 and 4,) supplies a general saving clause, and, second, that the in-

stant proceedings had been concluded on the effective date of the repeal.

Both of these points were raised and passed upon in *Board of Education* v. *Nickell,* 410 Ill. 98. It was there held that no vested right was involved, that the legislature may contract, expand or even abolish a school district, and that the Statutory Construction Act is inapplicable. In that case an appeal was pending before the State Superintendent of Public Instruction at the time of repeal of the act under which the administrative appeal was pending. It was argued then that the county superintendent's order was a final determination but we said, "It is clear that the action of the county superintendent was intended to be final only if no appeal was perfected, and that where, as here, an appeal was perfected, no change in boundaries could become effective until the completion of the statutory proceedings by the entry of a final order by the State Superintendent. During the interim, the order of the county superintendent was without force or effect."

This precise question was raised in *Dolan* v. *Whitney,* 413 Ill. 274, where sections 8-6 and 8-7 of the School Code were involved, and an appeal was pending in this court at the time the repeal of· such sections became ·effective. It was there held that the proceedings abated. We adhere to the restatement of principles in that case.

Since this appeal was perfected and pending prior to the effective date of the repeal of the act under which it was taken, we are of the opinion that the cause abated on July 1, 1952, and that the territory in question remains a part of Lincoln Community High School District No. 404.

Appellant questions the constitutionality of sections 10-17 and 10-18 of the School Code as an unlawful delegation of legislative power and in violation of the due process clauses of our State and Federal constitutions. It further contends that such sections are incomplete,

vague and indefinite and that the decision of the county superintendent of schools was against the manifest weight of the evidence and constitutes an abuse of his discretionary power. We see no merit in any of these contentions but will not comment on them further in view of our opinion heretofore expressed.

The judgment of the trial court, which was entered prior to the effective date of the repeal, is without fault but must be reversed solely because the cause abated subsequent to its rendition. The judgment of the circuit court of Logan county is therefore reversed and the cause remanded, with directions to enter an order quashing the proceedings.

*Reversed and remanded, with directions.*