10 Ill. App.2d 553 (1956)
135 N.E.2d 610
People ex rel. Board of Education of Community Unit School District No. 5 of Livingston County, Illinois, Plaintiff-Appellant,
v.
Lucile Goodrich, County Superintendent of Schools of Livingston County, Illinois, Defendant-Appellee.
Gen. No. 10,939.
Illinois Appellate Court  Second District.
June 27, 1956.
Released for publication July 14, 1956.
*554 McNeilly, Ryan & Olivero, of Peru, for plaintiff-appellant.
John A. Taylor, of Pontiac, State's Attorney for Livingston county, for defendant-appellee.
PRESIDING JUSTICE DOVE delivered the opinion of the court.
On July 11, 1955, relator filed its verified petition in the Circuit Court of Livingston county alleging that it is the duly elected Board of Education of Community Unit School District No. 5 of Livingston county and that the defendant is County Superintendent of Schools *555 of that county. The petition then alleges that from June 12, 1952, until July 1, 1952, Article 8-14 of the School Code of Illinois [Ill. Rev. Stats. 1951, ch. 122, § 8-14] was in effect which provided that when a petition is filed with the County Superintendent of Schools signed by at least fifty legal voters or 20% of the legal voters residing in any territory contiguous and adjacent to a community unit school district and also signed by at least fifty legal voters or 20% of the legal voters residing in the community unit school district asking that the territory described be detached from the district or districts of which it is a part and annexed to the community unit school district, the County Superintendent of Schools shall call an election to be held as provided in Article 5A [Ill. Rev. Stats. 1951, ch. 122, §§ 5A-1-5A-20] of the School Code within thirty days after the filing of the petition; that if a majority of the votes cast at the election, both in the territory described and in the annexing community unit district, shall each be in favor of the boundary change, then the County Superintendent of Schools shall within ten days after the election file a map with the county clerk showing the boundaries of the districts as determined by the election and that thereupon the county clerk shall extend taxes against the territory in the school district in accordance with such determination.
The instant petition then alleged that on June 12, 1952, a petition was filed with defendant asking that an election be called pursuant to said Article 8-14 of the School Code seeking to detach the territory therein described from Community Unit District No. 4 of Livingston County and annex it to Community Unit District No. 5 of that county; that an election was duly called by defendant for June 28, 1952, and held that day and the proposition submitted to the voters carried and, under the provision of the School Code, it then became the duty of defendant to file a map with the *556 county clerk showing the boundaries of relator as determined by the election. The petition then alleges the failure and refusal of defendant to file such a map and prays for a writ of mandamus to compel her to do so.
Defendant filed her verified motion to strike this petition in which she averred: (a) that the sections of the School Code set forth in the petition and relied upon by relator had been repealed effective July 1, 1952, and by reason thereof defendant, on and after July 1, 1952, had no duty to file said map; (b) that relator is barred by laches from obtaining the relief sought, first, because it had delayed more than three years after the legislative act, upon which it relies, had been repealed before it instituted the present proceeding and, second, because the attorney for relator, in January 1953, requested defendant not to file the map which it now seeks to compel defendant to file in order that relator could issue School Building Bonds in the amount of $900,000; that said attorney also requested defendant to furnish relator, as late as January 1953, a list of the annexations and detachments from the relator district; that defendant did so furnish relator with such list at that time and that relator accepted said list which did not include the territory described in the instant petition and involved herein and in its issuance of $900,000 bonds relator relied upon said list of annexations and detachments so furnished it by defendant.
The motion to dismiss also challenged the sufficiency of the allegations of the instant petition in that the instant petition failed to show that the original petition signed by the voters and filed with defendant asking for a change of boundaries met the statutory jurisdictional requirements and also that the instant petition did not aver that said petition for boundary change stated that the described territory was adjacent and contiguous to the relator district.
Upon a hearing the trial court sustained the motion *557 of defendant to dismiss and from a final order that plaintiff take nothing by this action and that the defendant go hence without day, the petitioner appeals.
The applicable part of Article 8-14 of the School Code, under which the election of June 28, 1952, was held, is as follows: (Ill. Rev. Stat. 1951, Chap. 122, Art. 8-14) "When a petition is filed with the county superintendent of schools under whose direction a community unit school district has been established, signed by at least fifty (50) legal voters or twenty per cent (20%) of the legal voters residing in any territory contiguous and adjacent to said community unit school district and also signed by at least (50) legal voters or twenty per cent (20%) of the legal voters residing in such community unit school district, asking that said territory described in the petition be detached from the school district or school districts of which it is a part and annexed to the community unit school district, or in case the territory consists of a whole school district that it be dissolved and the territory annexed to the community unit school district, the county superintendent of schools shall call an election to be held in the manner provided in Article 5A of this Act within thirty (30) days after the filing of the petition, at which the voters of the territory described in the petition and of the community unit school district to which the territory is to be annexed shall vote upon the proposition.
"If a majority of the votes cast at any such election in the territory to be detached and in the community unit school district to which the territory is to be annexed shall each be in favor of the boundary changes, the county superintendent of schools shall within ten (10) days after the election file a map with the county clerk or clerks showing the boundaries of the districts as determined by the election, whereupon the county clerk or clerks shall extend taxes against the territory *558 in the school districts in accordance with such determination."
On July 24, 1951, the Governor signed House Bill 1189, which repealed this Article. House Bill 1189 became effective July 1, 1952. (Laws of Illinois, 1951, pp. 1806-7.) The duty and authority to file maps reflecting boundaries of school districts was thereby changed from Article 8-14 to Article 4B-9 of the School Code. (Ill. Rev. Stat. 1953, Chap. 122 [§ 4B-9].)
Counsel for appellant argue that the election held two days before the effective date of the repeal of Section 8-14 of the School Code changed the boundaries of this district and relator thereby gained the right to have the assessed valuation of this annexed territory taken into consideration in computing tax rates; that its right to do so became vested on June 28, 1952, and the repeal of this Article did not in any way affect its rights. In support of this contention, counsel cite and rely upon People ex rel. Bodecker v. Community Unit School Dist. No. 316, 409 Ill. 526, and People ex rel. Smail v. Board of Education of Community Unit School Dist. No. 202 of Fayette County, 343 Ill. App. 362. What the court held in the Bodecker case was that the school district was established by the election of February 28, 1948, and began its legal existence at that time regardless of the time the board of education was organized. To the same effect is the Smail case.
[1-3] It was held in People v. Deatherage, 401 Ill. 25, at page 32, that a school district is subject to the will of the legislature, its area may be contracted or expanded, divided, united in whole or in part with another district or may be entirely abolished. (Dolan v. Whitney, 413 Ill. 274, 279; Board of Education of Waverly Community Unit School Dist. No. 6 v. Nickell, 410 Ill. 98.) School property is owned by the state and neither taxpayers nor voters have any vested rights in *559 school property, taxes or school proceedings. In Lincoln Community High School Dist. No. 404 v. Elkhart Community High School Dist. No. 406, 414 Ill. 466, it is said (p. 468): "It is settled law in this state that the unconditional repeal of a special remedial statute without any saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect, it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when this decision is rendered."
Counsel for appellant argue that defendant deliberately called the election for June 28, 1952, when it could have been had as early as June 23, 1952, and that after a successful election had been held, defendant could have filed the map on June 29th or 30th as she knew the statute under which she was proceeding would be ineffective on and after July 1, 1952. Counsel insist that it was just as much her duty to file the map on the first or second day following the election as it was to file it on the ninth or tenth day thereafter. What she did, conclude counsel, was to wait and now seeks to take advantage of her delay by insisting that the statute, under which she had a duty to perform, is no longer in effect.
[4] This argument merits no consideration. Defendant was required, under the statute, to file the map not later than ten days after the date of the election. She could have filed it on any day within that period. She was not obliged to file it on June 29th or June 30th. After June 30th there was no law under which she could act. We are not concerned with the reasons which prompted her not to call the election at an earlier date or the motive which prompted her not to file the map on either June 29th or 30th. The record, as made, is what this court reviews and it shows that the map *560 was not filed prior to the effective date of the repeal of the statute. On that date her duty and obligation ceased. The act of the legislature which repealed the act upon which the instant action is based contained no savings clause. The circuit court and this court must, therefore, dispose of the action under the law in force when its decision is rendered. The circuit court did so and thereby committed no error.
[5] Furthermore the record shows, and it is undenied, that in January 1953, more than six months after the election held on June 28, 1952, relator, by its attorney and agent, requested defendant not to file this map. It was not until July 11, 1955, more than three years after the time provided by the repealed act for the map to be filed, that the instant proceeding was instituted. This attitude on the part of appellant and this unexplained delay do not commend to this court appellant's demand for relief. Laches is available to a defendant in a mandamus proceeding. (Schultheis v. City of Chicago, 240 Ill. 167, 169; Kenneally v. City of Chicago, 220 Ill. 485, 503; People v. City of Chicago, 292 Ill. App. 589.)
The judgment of the trial court is correct and must be affirmed.
Judgment affirmed.
CROW and EOVALDI, JJ., concur.