13 Ill.2d 78 (1958)
147 N.E.2d 306
KEITH GAMES et al., Appellants,
v.
COUNTY BOARD OF SCHOOL TRUSTEES OF McDONOUGH COUNTY et al., Appellees.
No. 34613.
Supreme Court of Illinois.
Opinion filed January 24, 1958.
*79 SAMUEL J. NAYLOR, of Carthage, for appellants.
WILLIAM L. RANDOLPH, State's Attorney, of Macomb, HARRIS & HARRIS, of Macomb, for appellees.
Judgment affirmed.
Mr. JUSTICE HERSHEY delivered the opinion of the court:
This is an action for writ of mandamus and injunction brought by plaintiffs, residents, citizens, and taxpayers in Community Unit School District No. 175 of McDonough and Hancock counties, against defendants, the County Board of School Trustees of McDonough County, the individual members thereof, the Board of Education of Community Unit School District No. 175 of McDonough and Hancock counties, and the individual members of that board.
The complaint states that Community Unit School District No. 175 was duly organized and established on or about February 14, 1948, most of its territory being in McDonough County and the remainder in Hancock County; that for the school year 1953-1954 the Superintendent of Public Instruction issued a "probationary" certificate of recognition to the district; that for the school year 1954-1955 the Superintendent of Public Instruction denied recognition to said district; that for the school year 1955-1956 the Superintendent of Public Instruction issued a "conditional" certificate of recognition to said district; and *80 that pursuant to an election held June 16, 1956, the Board of Education adopted a resolution for the issuance and sale of $580,000 of school-site and building bonds. Plaintiffs prayed for a writ of mandamus to issue directed to the County Board of School Trustees of McDonough County commanding the board to forthwith attach the territory of said district to one or more districts for failure to maintain a recognized public school for two consecutive school years during each of the periods 1953-1955 and 1954-1956. Plaintiffs further prayed that the defendant Board of Education be restrained from issuing and selling any bonds of School District No. 175 or taking any action under the "pretended" election and resolution.
Trial was had in the circuit court of McDonough County. The cause was heard upon stipulation of facts, presentation of exhibits, and arguments of counsel. The court found that the school district did not for any two consecutive school years after June 30, 1949, fail to maintain within the boundaries of said school district a recognized public school; that the school district has not become dissolved under the provisions of the School Code; the School Trustees are under no duty to attach the territory of the district to one or more districts; and the election for the purchase of a schoolhouse site and authorizing the issuance of bonds for the purchase of a site and the building of a high school was lawful. The court thereupon denied the relief prayed by the plaintiffs.
Had relief been granted to plaintiffs on either of its counts alleging the automatic dissolution of the district and requesting writs of mandamus directed to the County Board of School Trustees, the corporate entity of the school district would have been destroyed, for all practical purposes, thus involving a franchise and authorizing direct appeal to this court. (People ex rel. Simpson v. Funkhouser, 385 Ill. 396; People ex rel. Gamble v. McKinstry, *81 379 Ill. 528.) Consequently, plaintiffs have brought their appeal directly to this court.
It is the plaintiffs' theory that under the applicable provisions of the School Code, (Ill. Rev. Stat. 1955, chap. 122,) the school district failed for two consecutive years to maintain a recognized school, so became automatically dissolved, and the County Board of School Trustees had the duty of attaching the territory of the district to one or more districts.
Section 27 of article 2 of the School Code provides, that the Superintendent of Public Instruction has the power and duty "to determine for all types of schools conducted under this Act efficient and adequate standards for the physical plant, heating, lighting, ventilation, sanitation, safety, equipment and supplies, instruction and teaching, curriculum, library, operation, maintenance, administration and supervision, and to grant certificates of recognition to schools meeting such standards * * *."
It is further provided in section 34 of article 4 of the School Code that "If any school district other than a non-high school district shall for two consecutive years after the school year ending June 30, 1949, fail to maintain within the boundaries of said school district a recognized public school as required by law, such district shall become automatically dissolved and the property and territory of such district shall be disposed of in the manner provided for the disposal of territory and property in section 4B-9.1 of this Act; However, a school district shall not be dissolved where the Superintendent of Public Instruction and the County Superintendent of Schools of the county in which a district has legally authorized the building of a school and legally selected a schoolhouse site and has issued bonds for such building shall jointly find and certify that such building has been authorized, site selected, and bonds issued."
*82 Section 9.1 of article 4B of the School Code provides that if a school district has become dissolved as provided in section 34 of article 4, the county board of school trustees shall attach the territory of such district to one or more districts, and provides the method of so proceeding.
Section 9 of article 18 of the School Code, which makes provision for the apportionment of the common-school fund among the several counties for the benefit of the several school district therein, further provides in part that, "Any school district which fails for any given school year to maintain school as required by law, or to maintain a recognized school, shall not be eligible to file for such school year any claim upon the common school fund. A `recognized school' means any public school which meets the standards as established for recognition by the Superintendent of Public Instruction."
It is plaintiffs' contention that the "probationary" and "conditional" certificates of recognition issued by the Superintendent of Public Instruction to this school district for the school years 1953-1954 and 1955-1956 respectively, do not constitute recognition. It is their position that either of those years, together with the school year 1954-1955 when the district was not recognized, constitutes a failure to maintain a recognized public school within the district for two consecutive years after June 30, 1949, and makes the provisions of section 34 of article 4 of the School Code applicable.
The Superintendent of Public Instruction as head of the public school system of this State has been vested by the General Assembly with the duty of establishing standards in education, along the lines delineated by that legislative body. The object, of course, is to promote the best type of education in each school district, and to secure the advantage of education to every child in this State. That districts may vary in their proficiency in and adherence to *83 the recommended standards is to be expected in a State such as Illinois, with our large population, and our differing economic, geographical, and social conditions. It is entirely reasonable that the Superintendent of Public Instruction should establish minimum essential standards of recognition with gradations up to a most perfect application of the standards established.
"Probationary" or "conditional" appearing upon the certificates of recognition are thus adopted by the Superintendent as gradations or guideposts to indicate to the districts, the boards of education, and to himself the degree in which a district has met the established standards. These defining, guiding, or warning words nevertheless do not detract from the fact of "recognition." They are merely descriptive adjectives. Whether the certificate is issued with either such word affixed thereto, or entirely devoid of any such descriptive adjective, the district is "recognized," within the discretion delegated to the Superintendent, and the district is not deprived of any part of its apportioned share of the common-school fund for which it files a claim.
The Superintendent of Public Instruction has, therefore, never failed to recognize the public schools of said Community Unit School District No. 175 of McDonough and Hancock counties for any two consecutive school years beginning after June 30, 1949. The power of recognition vested in the Superintendent is a discretionary one, requiring investigation and the application of sound, expert judgment to the findings of such investigation. In the absence of abuse or arbitrary or capricious exercise of such power on the part of a public officer charged with such administrative discretion, the court is loath to interfere. The court will not substitute its discretion for that of the administrative officer. (People v. Graber, 394 Ill. 362.) Our review of the facts stipulated in this cause does not compel us to the determination that the Superintendent of Public *84 Instruction abused or capriciously exercised his discretionary power in granting recognition, however qualified, to the public school maintained by said Community Unit School District No. 175 for the school years 1953-1954 and 1955-1956.
There being no two consecutive school years, beginning after June 30, 1949, during which the district failed to maintain a recognized public school the provisions of section 34 of article 4 can have no application, and plaintiffs cannot be entitled to any of the relief prayed.
The judgment of the circuit court of McDonough County is, therefore, affirmed.
Judgment affirmed.