REUBEN J. HOLCOMB *et al.*

*v.*

CHARLES O. BOYNTON.

*Filed at Ottawa, June 19, 1894.*

1. STATUTE—*effect of its repeal.* Where a statute is repealed without any saving clause as to pending proceedings, it must be considered, except as to proceedings passed and closed, as if it had never existed.

2. Where a statute, under which the County Court of DeKalb county assumed jurisdiction of a petition for a mechanic's lien, and rendered a decree for a lien, was repealed after the entry of the decree, and a sale was made after the repeal of the act under which jurisdiction was claimed, there being no saving clause as to cases not finally disposed of, it was held that the sale was a nullity, and that no rights could be acquired under such sale.

3. SAME—*effect of an enabling act on proceeding after repeal of a law.* A special act, giving the County Court of a certain county jurisdiction, under which a decree was entered for a mechanic's lien and for a sale of land, was repealed without any saving clause. After the repeal a sale was made by a special master appointed by the decree, and afterwards an act was passed for the transfer of all undisposed cases under the special act to the Circuit Court: *Held,* that if the enabling act had the effect to revive the mechanic's lien proceeding, incomplete in the

County Court when its jurisdiction was taken away, the Circuit Court alone was authorized to take up the proceeding at the stage where it was at the time of the repeal, and that the sale by the special master was void.

4. REDEMPTION—*from void sale—no title passes.* Where land is sold under a void decree, a redemption and sale by a judgment creditor will be void. Such a redemption will not give any vitality to the previous sale, and the master's deed to the purchaser may be set aside as a cloud upon the title of a grantee of the original debtor.

5. ESTOPPEL—*essentials of.* The doctrine of estoppel *in pais* will not be applied to a person who has been guilty of no fraud, simply because, under a misapprehension of law, he has treated as legal and valid an act open to the inspection of all. That doctrine is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant, it must appear that the person against whom it is invoked has, by his words or conduct, caused him to believe in the existence of a certain state of things, and induced him to act upon that belief.

6. If both parties are equally cognizant of the facts, and one has acted under a mistaken idea of the law, the other party can not say that he has been deceived thereby, and is entitled to an application of the rule, but will be considered as having acted upon his own judgment. The essential elements are: misrepresentation or concealment of material facts, ignorance of the truth of the matter by the party to whom the representations were made, and reliance on his part in acting upon the representations.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane County; the Hon. H. B. WILLIS, Judge, presiding.

Mr. D. J. CARNES and Mr. CHARLES WHEATON, for the appellants.

Messrs. HOPKINS, ALDRICH & THATCHER, for the appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the Court:

It appears from the record in this case, that, on June 29, 1872, on a petition to enforce a mechanic's lien, the County Court of DeKalb county rendered a decree in favor

of R. Ellwood & Co. as material-men, for the sum of $534.58 against W. C. Wilcox, and the premises described in the petition, consisting of 106 acres of farm land. The decree provided, that unless Wilcox, or some of the parties made defendant, as mortgagees or otherwise, should within a day named pay the sum found due and costs, the land should be sold by Charles Kellum, a special master appointed for that purpose. The proceedings were had under an act of the legislature passed in 1863, conferring upon the County Court of DeKalb county concurrent jurisdiction with the Circuit Court in all suits and proceedings at common law or by statute.

Two days after the decree was rendered, July 1st, 1872, there went into effect an act repealing the law of 1863, without any saving clause as to proceedings begun and pending under the old law. On the 14th of December, 1872, the special master sold the premises, and Ellwood & Co. became the purchasers. On the 10th of March, 1874, there was a redemption from the sale to Ellwood & Co. under a judgment in favor of Norman C. Warren and against Wilcox, and on the 13th of April, 1874, a sale on execution was made by the sheriff to George P. Wild for $1,425. On the day of the sale to Wild, Daniel Pierce and Moses Dean, as judgment creditors of Wilcox, redeemed from that sale, and the sheriff advertised the land for sale under their execution.

Thereupon appellee, who had been a mortgagee of Wilcox, and had prior to the sale by the special master received a deed of conveyance from Wilcox, filed a bill in the Circuit Court of DeKalb county to enjoin the sale advertised under the Pierce and Dean execution, and for a decree setting aside the special master's sale, and all the proceedings had thereafter by way of redemption.

A temporary injunction restraining the contemplated sale was granted, and after pending for a period of thirteen

years, the cause was sent to the Circuit Court of Kane county on change of venue.

There was a hearing at the October term, 1892, of the last named court, and a decree rendered dissolving the injunction, and dismissing the bill.

On appeal to the Appellate Court, that decree was reversed, and the defendants to the bill now appeal to this court.

The principal question in the case is the right of appellants to make the redemption in pursuance of which the sale enjoined was about to be made.

That right is based upon the master's sale in the mechanic's lien proceeding, and unless that sale was valid, there could be no legal rights acquired under it, by redemption or otherwise. It is also contended, that even if that sale was invalid, appellee is estopped to set it up in this action. Both these questions were fully argued in the Appellate Court, and carefully considered, and we think correctly decided in the opinion of that court by Harker, P. J., as follows:

"We entertain no doubt upon the proposition that the sale by the special master on the 14th of December, 1874, was unauthorized and void. By the repealing act of 1872 all right to proceed under the repealed statute was taken away. There was no right to proceed under the decree rendered before the repealing statute went into effect, because there. was no saving clause as to pending proceedings, as is usually. the case where a law is repealed. Where a statute is repealed without such saving clause it must be considered, except as to proceedings passed and closed, as if it had never existed. *Illinois and Michigan Canal Comrs.* v. *South Chicago,* 14 Ill. 334; *Blake* v. *Peckham,* 64 id. 362; *Assessors* v. *Osborne,* 9 Wallace, 570.

"The case of *Ellwood & Co.* v. *Wilcox,* was continued on the docket of the County Court of DeKalb county from term to term after the repeal of the law conferring jurisdiction, with report of sale by the special master undisposed.

of, until November, 1873, when it was. transferred to the Circuit Court of that county. The Circuit Court, at its November term, 1874, confirmed the report of sale by the special master. The transfer, it is claimed, was authorized by virtue of an act of the legislature, approved April 25, 1873, providing that:

" 'In all cases where chancery jurisdiction has been conferred on County Courts by special enactment, and such chancery jurisdiction has been repealed, or has ceased to exist by virtue of said act in force July 1, 1872, all causes pending, together with the records filed and papers pertaining to such chancery jurisdiction, without regard to the amount in controversy, are hereby transferred to the Circuit Court of the respective counties;' and that 'All liens which may have been created, and all rights which may have accrued under and by virtue of any chancery proceedings in said courts, are hereby transferred to the said Circuit Court, to be there preserved and in force in the same manner as if original jurisdiction thereof had been taken by said Circuit Court.'

"It is contended, that the transfer of the cause under that act and the subsequent confirmance of the sale by the special master must be held to relate back to and render valid the sale, and that the proceedings are *res adjudicata* and can not be attacked in the manner sought. It would seem. to be a sufficient answer to that contention, that the County Court of DeKalb county was not by the act of 1863 invested with chancery jurisdiction, and that the enabling act of 1873 did not contemplate the statutory proceedings instituted by Ellwood & Co. against Wilcox. But if it be conceded that the enabling act did include such proceedings, an insurmountable objection to that contention, is that the sale was made after the repeal of the act of 1863 and before the passage of the enabling act. By the repealing act of 1872 the proceedings ceased to have vitality. There was no power to execute the decree. There was no such officer as special

master of the County Court, and when the person who had held that office before it was legislated out of existence assumed to act, his acts were absolutely void. If the enabling act of 1873 had the effect to revive mechanic's lien proceedings incomplete in the County Court when its jurisdiction was taken away, then only would the Circuit Court be authorized to take up the proceedings at the stage where they were at the time of the repeal. The decree could be executed only by an officer of the Circuit Court.

"If the sale was void, as we hold, it follows as a logical sequence that the subsequent redemption and sale under the Warren judgment was void.

"The redemption could give no vitality to the previous sale made, as it was by a person having no authority whatever and under a decree which had at the time no vitality. *Mulvey* v. *Carpenter et al.*, 78 Ill. 580.

"It is insisted, however, that the Warren judgment was Boynton's judgment, procured by him in the name of Warren, that Boynton furnished the redemption money and ordered the sale which was made by the sheriff to Wild, and that by reason of his action in that regard, he recognized the special master's sale as valid, and is estopped from saying that sale was void.

"The case lacks several of the essential elements of an estoppel. In the first place, the proof is not clear and convincing that Boynton procured the judgment and redemption, and ordered the sale. And if it be conceded that he did, it does not appear that he acted with a fraudulent purpose, or that Pierce and Dean have lost anything thereby. The entire proceedings in the County and Circuit Courts were preserved in public records open to inspection. Applying the law, they knew the sale by Charles Kellum was void, and that every step taken after the rendering of the decree was of no effect. How were they deceived? Certainly by no concealment of fact or fraud on the part of Boynton. He may, if regarded as the author of the first redemption,

have labored under a mistaken notion of the law and considered the sale as legal. It is a novel idea in the law of estoppel that the doctrine should be applied to a person who has been guilty of no fraud, simply because, under a misapprehension of the law, he has treated as legal and valid an act void and open to the inspection of all. As we understand the doctrine of estoppel *in pais,* it is based upon a fraudulent purpose and a fraudulent result. Before it can be invoked to the aid of a litigant, it must appear that the person against whom it is invoked has, by his words or conduct, caused him to believe in the existence of a certain state of things and induced him to act upon that belief. If both parties are equally cognizant of the facts, and one has acted under a mistaken idea of the law, the other party can not say he has been deceived thereby, and is entitled to an application of the rule, but will be considered as having acted upon his own judgment solely. The essential elements are: misrepresentation or concealment of material facts, ignorance of the truth of the matter by the party to whom the representations were made, and reliance upon his part in acting upon the representations. 2 Story Equity Jurisprudence, 1,543; *Davidson* v. *Young,* 38 Ill. 152; *First Nat. Bank of Quincy* v. *Ricker,* 71 id. 439; *Dinert* v. *Eilert,* 13 Brad. 99; Herman on Estoppel, 969.

"Upon the title of appellant the sale of December 14, 1872, and the subsequent sale on redemption were clouds, and the contemplated sale on the Pierce and Dean execution would, if completed, be a further cloud. He was entitled to the relief sought, and the Circuit Court should have granted it. The decree will, therefore, be reversed and the cause remanded, with directions to the Circuit Court to enter a decree in accordance with the views expressed in this opinion."

Concurring in the views here expressed, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*