(No. 27013.—Judgment reversed.)
THE CITY OF CHICAGO, Appellee, *vs.* BINGEMAN DEGITIS *et al.,* Appellants.

*Opinion filed May 20, 1943.*

HAROLD E. MARKS, and LEONARD GORDON, for appellants.

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL, and HENRY J. BRANDT, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

The complaint in this case was filed on March 6, 1939, in the municipal court of Chicago charging the appellant, Bingeman Degitis, with the violation of section 2144 of the Revised Chicago Code of 1931 for failing to obtain a public carter's license as required by the ordinance.

Degitis is an employee of the defendant, Hastings Express Company, a corporation, and on the day of the violation in question was operating a motor vehicle owned, operated and controlled by the Hastings Express Company, which company by agreement was added as an additional

party defendant to the cause. Section 2144 of the Revised Chicago Code of 1931 as amended, reads as follows:

"2144. LICENSE REQUIRED. Any person, firm or corporation that shall keep, use or operate, or be in charge, possession or control of, or cause to be kept, used or operated, upon any of the streets or public ways of the city any public cart as defined in this article, shall be deemed a public carter within the meaning of this article.

It shall be unlawful for any person, firm or corporation to engage in the business of, or act in the capacity of a public carter without first having obtained a license so to do as hereinafter provided."

Section 2143 of the Revised Chicago Code of 1931 defines a public cart as follows:

"Every express wagon, truck, dray, wagon,. automobile, auto car, auto truck, or other vehicle of any kind * * * which shall be * * * used, operated, driven or employed for the purpose of transporting or conveying bundles, parcels, furniture, trunks, baggage, goods, wares, merchandise or other articles within the City for hire or reward * * *."

The Hastings Express Company was organized in 1890 as a corporation under the laws of the State of Illinois chartered, among other things, to engage in the business of a public utility in the transportation of property for hire. Its registered office is located at 1501 South Jefferson street, Chicago, Illinois. This corporation operates tractors, trailers and trucks engaged in various types of motor-carrier work consisting of interstate, intrastate and intracity transportation of property.

On the trial in the municipal court a stipulation was entered into setting forth the facts upon which this action is based. According to the stipulation a public cart licensing ordinance was properly passed by the city of Chicago prior to the year 1922. This ordinance continued in force until repealed by a properly enacted ordinance of the city of Chicago on May 12, 1930. On June 25, 1931, a Revised Chicago Code of 1931 was published by authority of

the city council of Chicago, in which there was set out article VII entitled "Public Carts" consisting of sections 2143 to section 2157, inclusive.

On August 5, 1937, as revealed by the report printed in the Journal of Council Proceedings for August 5, 1937, at page 4218, an ordinance was passed by the city council, effective January 1, 1938, as follows:

"Section I. That Sections 2143 to 2157, inclusive, of the Revised Chicago Code of 1931, as they appear in the bound volume of said code as printed, be and the same are hereby re-enacted."

On December 29, 1937, the city council was advised by the city clerk that the ordinances passed August 5, 1937, including the public carters ordinance, were officially republished, together with certain sections of the Revised Chicago Code of 1931, in the *Chicago Journal of Commerce*, the public carters ordinance being published on December 22, 1937, including the entire wording of sections 2143 to 2157, both inclusive, of the Revised Chicago Code of 1931.

The municipal court of Chicago on June 3, 1942, found the appellants guilty and entered judgment against them for $50 and costs. The municipal court certified that the validity of a municipal ordinance is involved and that public importance requires an appeal direct to this court.

In its brief the appellee concedes that during the period from May 12, 1930, when the vital sections of the public cart ordinance as then in effect were repealed, to August 5, 1937, there was no public cart ordinance in force in the city of Chicago. Notwithstanding the repeal, the entire public cart ordinance appears in the Revised Chicago Code of 1931 as sections 2143 to 2157. The sole question presented by this record is, therefore, as to whether or not the city council could re-enact the public cart ordinance as it did or whether it was required to re-enact the ordinance by setting it out in full in the re-enacting ordinance.

The appellee cites the cases of *Culver* v. *People ex rel. Kochersperger*, 161 Ill. 89, *City of Charleston* v. *Johnston*, 170 Ill. 336, *Town of Cicero* v. *McCarthy*, 172 Ill. 279, and *People ex rel. Cant* v. *Crossley*, 261 Ill. 78, in support of the validity of the re-enacting ordinance.

In the *Culver case* it was said, "The general rule is, that an act, which adopts by reference the whole or a portion of another statute, means the law as existing at the time of the adoption * * *." In the *Crossley case* the court said, "The effect of this section is to incorporate into the act all of those sections * * * as the same existed at the time the act in question was passed. This is simply the familiar legislative process of adopting certain portions of another statute by reference. It is a method of legislation which is frequently followed and has uniformly been held to be free from constitutional objections. The effect of such reference is the same as though the statute or the provisions adopted had been incorporated bodily into the adopting statute."

Other cases support the rule that an act may incorporate by reference the provisions of another act, (*People ex rel. Drea* v. *Hanson*, 330 Ill. 79,) and that one statute may be incorporated into another by reference. (*Evans* v. *Illinois Surety Co.* 298 Ill. 101; *Zeman* v. *Dolan*, 279 Ill. 295.) However, all of the cases above cited refer by reference to existing statutes at the time the amending, reviving or re-enacting statute is passed.

Section 13 of article IV of the constitution of the State of Illinois, with reference to acts before the legislature, reads as follows: "* * * No law shall be revived or amended by reference to its title only, but the law revived or the section amended shall be inserted at length in the new act."

In *Chicago Cosmetic Co.* v. *City of Chicago*, 374 Ill. 384, it was said that this section of the constitution referred only to acts of the General Assembly. In *Peisner* v. *City of Chicago*, 318 Ill. 131, this court indicated the

public policy of the State as to ordinances in the use of the following language: "The rule of the common law that where one statute is repealed by another, the repeal of the repealing statute revives the statute repealed, does not apply to municipal ordinances, particularly in view of the general rule of public policy of the State indicated by section 3 of chapter 131 of the Revised Statutes * * * and in view of the provision contained in section 13 of article IV of the Constitution * * *."

Where a repealing act is passed and nothing substituted for the former act, the former act is repealed as if it never existed, and it bears no more force and effect than if it had never been enacted in the first place. *Merlo* v. *Johnston City and Big Muddy Coal Co.* 258 Ill. 328.

In the instant case, after the repealing act of 1930, there was no public cart ordinance in existence. The inclusion of sections 2143 to 2157 in the Revised Chicago Code of 1931 was clearly an error and had no force and effect to set out an ordinance as then existent. When the city council, in 1937, passed the ordinance reviving or re-enacting sections 2143 to 2157 of the Revised Chicago Code of 1931, it was expressly attempting to re-enact and revive an ordinance which had long ceased to exist. It follows logically, therefore, that if no act existed which could be re-enacted or revived, then the act of the city council in passing the public cart ordinance of 1937, without setting out the full context of the sections re-enacted, was a complete nullity. Such informality and haphazard method of enacting ordinances cannot receive the sanction of law.

Because of the view we take of the validity of the ordinance in question, a violation of which is charged, it will not be necessary to pass upon the other points raised in the briefs of the appellants.

The decision on the question raised in this case can only affect violations between August 5, 1937, and August 30, 1939. On the latter date the full and complete Mu-

nicipal Code of the City of Chicago was adopted, and is not in question at this time.

We believe the ordinance involved in this appeal was not properly or legally adopted and is therefore void. The judgment of the municipal court of the city of Chicago is reversed.

*Judgment reversed.*