RONALD E. RANDALL *et al.*, Plaintiffs-Appellees, v. WAL-MART STORES, INC., Defendant-Appellant (Stahly Truck City, Inc. *et al.*, Defendants).

Fourth District   No. 4—96—0013

Argued October 15, 1996.—Opinion filed November 22, 1996.

Susan H. Brandt, Thomas B. Borton, and Joseph W. Foley, all of Livingston, Barger, Brandt & Schroeder, of Bloomington, and David J. O'Connell and James W. Ozog (argued), both of Momkus, Ozog & McCluskey, of Downers Grove, for appellant.

Kent Follmer (argued), of Follmer & Moore, of Urbana, and Thomas R. Kelso, of Kelso & Associates, P.C., of Champaign, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Wal-Mart Stores, Inc. (Wal-Mart), appeals from a judgment entered in the circuit court of Champaign County in favor of plaintiffs Ronald and Mary Randall. The jury awarded $1,075,000 to Ronald and $100,000 to his wife, Mary. After taking into account setoffs for prior settlements, judgment was entered on the jury verdicts against defendant in the amount of $649,981.85 for Ronald and $0 for Mary. This case involved recovery under the Structural Work Act (Act) (Ill. Rev. Stat. 1989, ch. 48, pars. 60 through 69) for injuries occurring on August 23, 1991.

The issues are whether (1) defendant was entitled to a directed verdict at the close of plaintiffs' case in chief or at the close of all the evidence because the evidence failed to establish that defendant was in charge of the work and wilfully violated the Act; (2) judgment should have been entered in accordance with the jury's response to a special interrogatory relating to whether defendant was in charge; and (3) defendant was entitled to a new trial because the jury was not properly instructed regarding the issues and burden of proof, particularly concerning the question of whether defendant was in charge. We affirm.

Shortly before oral argument in this case, defendant filed a motion which, although entitled a "Motion To Dismiss," in effect sought vacatur of the judgment and abatement of plaintiffs' action based on the repeal of the Act effective February 14, 1995 (Pub. Act 89—2, eff. February 14, 1995 (1995 Ill. Laws 7)). See *People v. Zito*, 237 Ill. 434, 436, 86 N.E. 1041, 1042 (1908). Defendant correctly points out that, if the repeal effectively cuts off plaintiffs' right to a cause of action in this case, the circuit court and this court no longer have jurisdiction to entertain plaintiffs' claims. Subject-matter jurisdiction concerns the power of the court to hear a case and to grant the relief requested, and where the courts are exercising jurisdiction pursuant to a statute which has no counterpart in common law or equity, as here, the courts must proceed within the strictures of the statute and cannot exceed their statutory authority. *People ex rel. Brzica v. Village of Lake Barrington*, 268 Ill. App. 3d 420, 423, 644 N.E.2d 66, 68-69 (1994). It is never too late to raise the question of whether the courts have subject-matter jurisdiction. *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 515, 639 N.E.2d 1273, 1276 (1994); *Walton v. Pryor*, 276 Ill. 563, 565, 115 N.E. 2, 3 (1916). Lack of subject-matter jurisdiction may be raised for the first time on direct appeal (*Muller v. Jones*, 243 Ill. App. 3d 711, 712, 613 N.E.2d 271, 272 (1993)) or in a collateral attack on the judgment (*Campbell v. White*, 187 Ill. App. 3d 492, 504, 543 N.E.2d 607, 615 (1989)).

Defendant's motion cites the recent decision in *Scott v. Midwest, Ltd.*, 933 F. Supp. 735 (C.D. Ill. 1996), as authority for the proposition that, once the Act has been repealed, plaintiffs are entitled to no recovery. Because the federal decision applies rules of statutory construction as rules of law in such a way as to defeat legislative intent rather than to give it effect, we decline to adopt the reasoning in that decision.

■ The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 540-41, 605 N.E.2d 539, 542 (1992). The language of the statute is the best indicator of that intent, and aids for construing a statute will only be resorted to if the language of the statute is not clear. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822, (1994).

■ The basic premise of the decision in *Scott* is that the statute repealing the Act is not ambiguous. However, as already noted, if the statutory language is clear and unambiguous, there is no need to resort to aids for construction. Nevertheless, the decision in *Scott* finds absence of ambiguity because the legislature is presumed to

know the law in effect at the time of the enactment. That is a rule of statutory construction to which resort would not have to be made if the repealing statute was not in fact ambiguous. A repealing act which does not state whether it is to be applied retroactively or prospectively is ambiguous to that extent.

■ Often the legislature does not express its intention as to whether a new enactment is to be given effect retroactively or prospectively. Therefore, rules of statutory construction have been developed to assist the courts in making this determination. For example, it is often stated that, in the absence of express language regarding legislative intent as to whether an enactment or an amendment is to be applied retroactively or prospectively, the courts *presume* the legislature intended the enactment or amendment to operate prospectively and not retroactively. *Schantz v. Hodge-VonDeBur*, 113 Ill. App. 3d 950, 952-53, 447 N.E.2d 1355, 1357 (1983); see also *Dunn v. Illinois Central Gulf R.R. Co.*, 215 Ill. App. 3d 190, 195, 574 N.E.2d 902, 905 (1991). Although statutes are not generally construed so as to be applied retroactively, remedial or procedural statutes may be applied retroactively. *Hogan v. Bleeker*, 29 Ill. 2d 181, 184, 193 N.E.2d 844, 847 (1963). However, even remedial or procedural statutes will not be applied retroactively if to do so would result in deprivation of a vested right. *Delbecarro v. Cirignani*, 261 Ill. App. 3d 644, 648, 633 N.E.2d 981, 983 (1994).

In this case, the issue is presented by motion and is not fully briefed. Nevertheless, even assuming the act was remedial in nature and that plaintiffs had no vested right (see *Vance v. Rankin*, 194 Ill. 625, 629, 62 N.E. 807, 809 (1902) (a statutory cause of action which has not been commenced, prosecuted, and concluded is an inchoate right)), we find that retroactive application of the repeal of the Act to be inconsistent with express legislative intent.

■ For repeals, the presumption is that the legislature intended the repealing statute to be applied retroactively, unless there is an expression of legislative intent to the contrary. The legislature has the power to withdraw the jurisdiction of the court over statutory causes of action by repealing the act, and the result of a repeal given retroactive application is to leave all such causes of action and pending suits where they are at the time of the repeal. *Hogan*, 29 Ill. 2d at 185, 193 N.E.2d at 847. When a repealing act is passed and nothing is substituted for the former act, the former act will be construed as having no more force or effect. *City of Chicago v. Degitis*, 383 Ill. 171, 175, 48 N.E.2d 930, 932 (1943). It is as if it had never been enacted in the first place except as to proceedings passed and closed. *Holcomb v. Boynton*, 151 Ill. 294, 297, 37 N.E. 1031, 1032 (1894). As a

result, if final relief has not been granted, it may not be granted after the repeal. *Shelton v. City of Chicago*, 42 Ill. 2d 468, 473-74, 248 N.E.2d 121, 123-24 (1969). This is so even if judgment has been entered in the trial court and the cause is pending on appeal. *Lincoln Community High School District No. 404 v. Elkhart Community High School District No. 406*, 414 Ill. 466, 468, 111 N.E.2d 532, 533-34 (1953). The appellate court must dispose of the case based on the law in effect at the time of its decision. *Vance*, 194 Ill. at 627-28, 62 N.E. at 808. One manner in which the legislature may avoid this result is by including a savings clause in the repealing act. See *People ex rel. Eitel v. Lindheimer*, 371 Ill. 367, 372-73, 21 N.E.2d 318, 321 (1939). However, the general savings clause in the Statutory Construction Act (Ill. Rev. Stat. 1961, ch. 131, par. 4 (now 5 ILCS 70/4 (West 1994))) has no application to repeals. *Shelton*, 42 Ill. 2d at 474, 248 N.E.2d at 124.

■ There is no savings clause in the statute repealing the Act. However, the legislature did express its intent that the repeal not bar an action which had accrued prior to the effective date of the repeal in a preamble to the repealing statute as follows:

> "WHEREAS, It is the intent of the General Assembly that the repeal of the [Act] shall operate as a bar to any action accruing on or after the effective date of this Public Act; and
>
> WHEREAS, It is the intent of the General Assembly that any action accruing under the [Act] before the effective date of this Public Act may be maintained in accordance with the provisions of that Act as it existed[ ]before its repeal by this Public Act[.]" 740 ILCS Ann. 150/0.01 through 9, Historical & Statutory Notes, at 100 (Smith-Hurd Supp. 1996); Pub. Act 89—2, eff. February 14, 1995 (1995 Ill. Laws 7).

Although a preamble is not part of the act, it may be used to clarify an ambiguous portion of an act, but not to create an ambiguity. *Triple A Services, Inc. v. Rice*, 131 Ill. 2d 217, 226-27, 545 N.E.2d 706, 709 (1989). A preamble is an important expression of legislative intent because it accompanied the bill through the legislative process. 2A N. Singer, Sutherland on Statutory Construction § 47.04, at 146-47 (5th ed. 1992).

Although courts in other cases have construed repealing statutes as not saving causes of action accruing before the effective date of the repeal, defendant cites no case in which the legislature's intention to the contrary was clearly expressed in the preamble to the repealing statute. There is no doubt that had this case involved a repealing statute without a savings clause and without any expression of legislative intent concerning the retroactive or prospective applica-

tion of the statute, this court would be bound by *stare decisis* to interpret it as being applied retroactively so as to abate plaintiffs' actions. See 2A N. Singer, Sutherland on Statutory Construction § 45.15 (5th ed. 1992).

Based on the express legislative intent in the case at bar, the statute repealing the Act is construed to apply prospectively only. The defendant's motion designated "Motion To Dismiss" is denied.

(The remaining material is not to be published pursuant to Supreme Court Rule 23. 166 Ill. 2d R. 23.)

The judgment of the circuit court of Champaign County is affirmed.

Affirmed.

COOK, P.J., and GARMAN, J., concur.