# Illinois Official Reports

## Appellate Court

---

### *U.S. Bank, N.A. v. Coe*, 2017 IL App (1st) 161910

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK, N.A., Plaintiff-Appellee, v. DERRICK COE and KIMBERLY WILSON, Defendants-Appellants. |
| District & No. | First District, Fifth Division<br>Docket No. 1-16-1910 |
| Filed<br>Rehearing denied | December 15, 2017<br>January 11, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-13715; the Hon. Robert E. Senechalle, Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert D. Shearer, Jr., & Associates, of Chicago (Robert D. Shearer, Jr., of counsel), for appellants.<br><br>Dykema Gossett PLLC, of Chicago (Harry N. Arger, Rosa M. Tumialán, and Margaret M. Rhiew, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.<br>Justices Lampkin and Rochford concurred in the judgment and opinion. |

¶ 1 Defendants Derrick Coe and Kimberly Wilson appeal the circuit court's order approving the foreclosure sale of their property. On appeal, they raise only one claim: that plaintiff failed to send them a grace period notice as required by section 15-1502.5 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1502.5 (West 2012)).[1] It is for this reason alone that they request this court reverse the judgment of the circuit court and remand the matter for an evidentiary hearing in compliance with *Bank of America, N.A. v. Adeyiga*, 2014 IL App (1st) 131252. Because section 15-1502.5 of the Foreclosure Law was a special remedial measure that was expressly repealed by our state legislature, we affirm the judgment of the circuit court.

¶ 2                                    BACKGROUND

¶ 3 Section 15-1502.5 of the Foreclosure Law, which is commonly known as the Homeowner Protection Act (Act) (735 ILCS 5/15-1502.5 (West 2012)), became effective on April 6, 2009 (Pub. Act 95-1047, § 35 (eff. Apr. 6, 2009) (adding 735 ILCS 5/15-1502.5)). The Act was written to provide owners of single-family, owner-occupied properties an additional opportunity to rescue their mortgage before the lender filed a complaint in foreclosure. Lenders were required by the Act to provide the borrower with a grace period notice prior to the institution of a foreclosure action. 735 ILCS 5/15-1502.5(c) (West 2012). The grace period notice directed the borrower to various resources for counseling and loan modification assistance. *Id.*

¶ 4 In April 2012, plaintiff filed the instant foreclosure action. After lengthy litigation, defendants filed a motion to dismiss alleging that plaintiff did not forward to them, and they had not received, a grace period notice as required by the Act. The circuit court denied the motion as well as the motion to reconsider that followed. At the hearing for the confirmation of the foreclosure sale, defendants again raised their claim that plaintiff never sent them a grace period notice. The circuit court did not find defendants' argument compelling and ultimately entered the order confirming the sale of the property on June 8, 2016. The Act was repealed on July 1, 2016, by express statute. 735 ILCS 5/15-1502.5(k) (West Supp. 2013). Defendants appealed on July 7, 2016.

¶ 5                                    ANALYSIS

¶ 6 On appeal, defendants renew their sole claim that plaintiff failed to provide them with a grace period notice under the Act (735 ILCS 5/15-1502.5 (West 2012)). Defendants rely heavily on this court's decision in *Adeyiga*, wherein we held that absent any evidence in the record that a grace period notice was sent prior to the filing of the complaint, the matter must be remanded to the circuit court for an evidentiary hearing. *Adeyiga*, 2014 IL App (1st) 131252, ¶ 5. In response, plaintiff concedes there is no evidence in the record that a grace period notice was sent but asserts that, because the Act was repealed on July 1, 2016, defendants' appeal is extinguished. The threshold issue in this case is thus whether the repeal

_____

[1]We observe that Coe was the sole mortgagor, therefore section 15-1502.5 of the Foreclosure Law does not apply to Wilson.

of the Act extinguishes defendants' claim. For the reasons set forth below, we conclude that defendants are not entitled to relief under the Act.

¶ 7     The interpretation of a statute is a question of law, subject to *de novo* review. *Id.* ¶ 97. The fundamental principle of statutory construction is to determine and give effect to the intent of the legislature. *Id.* ¶ 98. The best means of determining legislative intent is through the statutory language. *Banco Popular North America v. Gizynski*, 2015 IL App (1st) 142871, ¶ 47. When the language of an enactment is clear, it will be given effect without resort to other interpretative aids. *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 48.

¶ 8     The provision of the Act at issue here states: "This Section is repealed July 1, 2016." 735 ILCS 5/15-1502.5(k) (West Supp. 2013).[2]

¶ 9     Our long-standing case law provides that where there is an express repeal of a statute, and nothing is substituted for the former act, the repealed statute will be construed as having no more force or effect. *City of Chicago v. Degitis*, 383 Ill. 171, 175 (1943); *Randall v. Wal-Mart Stores, Inc.*, 284 Ill. App. 3d 970, 973 (1996). "In the absence of a general saving clause or a saving clause within the repealing act, the effect of the repeal of a statute 'is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed.' " *Isenstein v. Rosewell*, 106 Ill. 2d 301, 310 (1985) (quoting 1A C. Dallas Sands, Sutherland Statutes and Statutory Construction § 23.33, at 279 (4th ed. 1972)); see *Holcomb v. Boynton*, 151 Ill. 294, 297 (1894) ("Where a statute is repealed without such saving clause it must be considered, except as to proceedings passed and closed, as if it had never existed."). As a result, if final relief under the repealed statute has not been granted, it may not be granted after the repeal. *Shelton v. City of Chicago*, 42 Ill. 2d 468, 473-74 (1969). This is so even if judgment has been entered in the circuit court and the cause is pending on appeal. *Lincoln Community High School District No. 404 v. Elkhart Community High School District No. 406*, 414 Ill. 466, 468 (1953). Where a statute has been repealed, the appellate court must dispose of the case based on the law in effect at the time of its decision. *Vance v. Rankin*, 194 Ill. 625, 627-28 (1902).[3]

¶ 10    We find the cases of *Shelton* and *Isenstein v. Rosewell*, 106 Ill. 2d 301 (1985), to be instructive in this instance. In *Shelton*, the plaintiffs filed two personal injury actions against the city of Chicago and the county of Cook seeking damages they suffered as a result of mob action, a statutory remedy. *Shelton*, 42 Ill. 2d at 469. In each case, the city of Chicago and the county of Cook filed motions to dismiss the complaint which alleged, among other grounds, that the statutes upon which the actions were based had been repealed. *Id.* at 470. The trial court denied the motions to dismiss but certified the following pertinent question, which was considered by our supreme court: "Whether acts passed by the 1967 Legislature, Act 815 and Act 1283, repeal both Section 25-3 of the Criminal Code of 1961 as amended [citation] (applicable to the County) and Section 1-4-8 of the Illinois Municipal Code [citation]

---

[2]We observe that the Act is a "Section" within the Foreclosure Law. See 735 ILCS 5/15-1502.5(a) (West Supp. 2013).

[3]One manner in which the legislature may avoid this result is by including a saving clause in the repealing act. See *People ex rel. Eitel v. Lindheimer*, 371 Ill. 367, 372-73 (1939). The general saving clause in the Statute on Statutes, however, has no application to repeals. *Shelton*, 42 Ill. 2d at 474; 5 ILCS 70/4 (West 2016). We observe there is no general saving clause in the Act.

(applicable to the City) and retroactively defeat this cause of action, which arose and was filed in this Court prior to the enactment of this 1967 legislation." (Emphases and internal quotation marks omitted.) *Id.* at 471.

¶ 11 In considering this question, our supreme court explained that, in 1967, the General Assembly enacted statutes which expressly repealed the two statutes cited and upon which liability in the underlying cases was predicated. *Id.* Upon review, our supreme court concluded that "the legislative purpose to repeal the statutes upon which these actions are based is unmistakable" where the statutes were so expressly repealed and the General Assembly included an "emergency clause" reasserting the repeal *Id.* at 471-72. The court further reasoned that the plaintiffs had no vested right where the statutes involved a special remedy and did not contain an element of contract or suggestion that the plaintiffs acted in reliance upon the repealed statutes. *Id.* at 474. The court thus concluded, "[t]he legislature, which for a time had permitted a remedy against subordinate governmental units for damage resulting from mob violence, has withdrawn that remedy." *Id.*

¶ 12 Similarly, in *Isenstein*, the plaintiffs filed class action suits challenging the authority of the defendants (which included the Cook County assessor and treasurer) to assess and collect certain rollback taxes for tax years 1977 and thereafter. *Isenstein*, 106 Ill. 2d at 303. The circuit court ultimately entered summary judgment for the plaintiffs and ruled that they were entitled to a refund of all rollback taxes for the pertinent years together with interest. *Id.* at 304. These rulings were based on the circuit court's finding that certain sections of the Revenue Act were repealed by implication in August 1977 and effectively replaced by another statute on the same date, which did not contain a rollback provision. *Id.* Thus, the circuit court concluded that since the new statute did not contain any rollback provision, the rollback taxes for 1977 and subsequent years were unauthorized by law. *Id.* The defendants appealed, and the appellate court affirmed, holding that the express repeal of these sections terminated any right the defendants had to assert a rollback tax. *Id.* at 304-05. The defendants then appealed to the supreme court arguing that the statute in question contained a general saving clause, which preserved their power to assert rollback taxes as to all pending proceedings. *Id.* at 310. Our supreme court held that the cited section of the statute was not a general saving clause and affirmed the appellate court's determination. *Id.* In so doing, the court observed, "[i]n the absence of a general saving clause or a saving clause within the repealing act, the effect of the repeal of a statute 'is to destroy the effectiveness of the repealed act in [the future] and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed.' " *Id.* (quoting 1A C. Dallas Sands, Sutherland Statutes and Statutory Construction § 23.33, at 279 (4th ed. 1972)).

¶ 13 These cases demonstrate that our state has long followed the rule that the effect of an express repeal of a special remedial statute is " 'to destroy the effectiveness of the repealed act *** as if it had never existed.' " (Internal quotation marks omitted.) *Id.*; *Shelton*, 42 Ill. 2d at 472. Therefore, in line with these cases, we conclude that the legislature intended the Act to be a special remedial measure that would be repealed on July 1, 2016. In other words, the plain language of the statute expressly repeals the Act, which was itself a special statutory remedy intended to provide homeowners with some protection prior to a suit in foreclosure being initiated against them. See 735 ILCS 5/15-1502.5 (West Supp. 2013). Moreover, we observe that the Act does not contain a special saving clause. See *id.* Thus it follows that,

"[t]he unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal." *Lindheimer*, 371 Ill. at 373.

¶ 14    Defendants contend, however, that the grace period notice requirement of section 15-1502.5 is a vested right because the notice cannot be waived and because the failure to send the notice affects one's due process rights. We disagree.

¶ 15    In this instance, we find *Lindheimer* to be instructive. In that case, the plaintiffs were property owners who sought refunds for excess property tax payments that they made in previous years. The law in effect at the time permitted a refund or credit of taxes when property owners overpaid as a result of errors in the property value assessment. *Id.* at 369. Our legislature repealed the law subsequent to the plaintiffs filing suit in the circuit court. *Id.* Nonetheless, the circuit court ordered the county to issue the rebates to the plaintiffs. *Id.* The county treasurer and clerk appealed, arguing that the plaintiffs lacked a vested right in the rebates and therefore the repeal was a valid legislative action that should be enforced. *Id.*

¶ 16    Particularly pertinent to this case, our supreme court observed that because a citizen's obligation to pay taxes arises from statute, any refund offered by the legislature must also be "purely of statutory origin," which it characterized as a special "remedial" statute. *Id.* at 371-72. In fact, the court observed that without a statute expressly providing for a refund, the county could not refund taxes that were overpaid. *Id.* at 371. The court then inquired "whether the granting of a special remedy operates to give a vested right in such a remedy, which cannot be abrogated by repeal of the remedy." *Id.* at 372. The court answered in the negative, finding that, "[t]he unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them." *Id.* at 373.

¶ 17    Regarding the property owners' vested rights argument, our supreme court observed that a vested right "must be something more than a mere expectation based on an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand by another." *Id.* The *Lindheimer* court ultimately held that, "[t]he obligation of the citizen to pay taxes is purely a statutory creation, and taxes can be levied, assessed and collected only in the method pointed out by express statute." *Id.* at 371. According to our supreme court, "however beneficial a statute may be to a particular person or however injuriously the repeal may affect him, the legislature has the right to abrogate it." *Id.* at 375.

¶ 18    *Lindheimer* is factually similar to the instant case and is thus dispositive. We find that the Act is also a special remedial statute that does not confer vested rights upon defendants. The Act was passed by our state legislature in 2009 in response to the foreclosure crisis and the grace period notice requirement functioned to provide homeowners facing foreclosure with notice of the particular programs and assistance available to them. *Adeyiga*, 2014 IL App (1st) 131252, ¶ 106. It was purely a statutory creation. The Act is hardly "an expectation that is so far perfected that it cannot be taken away by legislation." *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 290-91 (1996). Thus, we cannot say that it is a "complete and unconditional demand or exemption that may be equated with a property interest." *Id.* at 291. Furthermore, it had always been the legislature's intent to repeal the Act, as evidenced by the repeal provision, which had been included in the Act since its inception. See 735 ILCS

5/15-1502.5(k) (West Supp. 2009). Accordingly, defendants have no vested right to receive a grace period notice pursuant to the Act.

¶ 19   We conclude defendants had no recourse under the Act when they filed their appeal on July 7, 2016, after the Act had been repealed. See *Lindheimer*, 371 Ill. at 373; *Isenstein*, 106 Ill. 2d at 310; *Degitis*, 383 Ill. at 175; *Randall*, 284 Ill. App. 3d at 973. Having set forth no other arguments before this court, the judgment of the circuit court stands.

¶ 20   Plaintiff maintains this appeal was not pursued in good faith and requests we award sanctions pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994). Plaintiff asserts that the mere fact the appeal was filed six days after the Act was repealed is not the sole basis of its request for sanctions. Instead, plaintiff argues, Rule 375 is implicated because defendants' brief (filed more than one year later) was based exclusively on a statute that had been repealed. Plaintiff further observes that in waiting a year to file their brief, defendants sought numerous extensions of time and then merely repeated verbatim the same argument they originally made in their motion to dismiss. Plaintiff emphasizes that, while defendants could have raised other issues before this court outside of the grace period notice claim, they failed to do so and thus sanctions are warranted.

¶ 21   Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) allows us to impose an appropriate sanction upon a party or a party's attorney if we determine that the appeal was frivolous or not taken in good faith. According to the rule, "[a]n appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). A reviewing court applies an objective standard to determine whether an appeal is frivolous; "the appeal is considered frivolous if it would not have been brought in good faith by a reasonable, prudent attorney." *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.*, 203 Ill. App. 3d 304, 312 (1990). Nonetheless, the imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court. *Kheirkhahvash v. Baniassadi*, 407 Ill. App. 3d 171, 182 (2011).

¶ 22   Here, it is arguable that defendants' appeal is frivolous, as the provision repealing the grace period notice has been included in the Act since its inception. See Pub. Act 95-1047, § 35 (eff. Apr. 6, 2009) (adding 735 ILCS 5/15-1502.5). The original version of the statute included an express repeal "2 years after the effective date" of April 6, 2009. See 735 ILCS 5/15-1502.5(k) (West Supp. 2009). Thereafter, the Act was amended on October 1, 2010, to provide for an express repeal date of "July 1, 2013." See 735 ILCS 5/15-1502.5(k) (West 2010). The Act in its current form was amended on June 20, 2013, to change the repeal date to July 1, 2016. See 735 ILCS 5/15-1502.5(k) (West Supp. 2013). Thus, knowledge of the repeal provision of a statute can be imputed to defendants' counsel. See *id.* Moreover, our long-standing case law in Illinois holds that no cause of action can lie under a repealed statute where a vested right is not implicated. See *Shelton*, 42 Ill. 2d at 473-74; *Vance*, 194 Ill. at 627-28.

¶ 23   That being said, while we ultimately do not agree with defendants' approach and position in this appeal, we, at the same time, recognize this case addresses a relatively new statutory provision. See *Adeyiga*, 2014 IL App (1st) 131252. Furthermore, defendants argued that the statute implicated a vested right in their reply. For these reasons we cannot say that defendants did not bring this appeal in good faith. Thus, in the exercise of our discretion, we choose not to impose sanctions against defendants. See *Kheirkhahvash*, 407 Ill. App. 3d at

182.

¶ 24                                      CONCLUSION

¶ 25          For the reasons set forth above, the judgment of the circuit court of Cook County is
affirmed.

¶ 26          Affirmed.