2024 IL App (1st) 230022-U
Order filed: April 25, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-23-0022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, not Individually, but as TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, | ) ) ) ) ) | Appeal from the Circuit Court of Cook County<br><br>No. 2010 CH 22207 |
|     Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| BETTY R. RUSSELL, | ) ) | Honorable<br>Marian Emily Perkins, |
|     Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justice Martin and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the orders granting foreclosure on defendant's mortgage and confirming the sale of the subject property to plaintiff.

¶ 2    Defendant, Betty R. Russell, appeals the orders granting foreclosure on her mortgage and confirming the sale of the subject property to plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually, but as trustee for Pretium Mortgage Acquisition Trust (Wilmington). We affirm.

¶ 3    On May 25, 2010, Bank of America filed a single-count complaint to foreclose the mortgage on defendant's property at 1812 S. 20th Avenue in Maywood (the 20th Avenue property). The complaint alleged that defendant borrowed $49,500 from Comerica Bank—Illinois (Comerica) on November 30, 1992, and gave Comerica a mortgage on the 20th Avenue property to secure the loan. The loan and note subsequently were assigned to ABN AMRO Mortgage Group. ABN AMRO merged with LaSalle Bank, which merged with Bank of America. Defendant has been in default since January 1, 2010.

¶ 4    Bank of America filed a motion for summary judgment. Plaintiff filed a motion to dismiss asserting that Bank of America lacked standing because the mortgage had not been assigned to it at the time it filed the complaint; rather, the mortgage was assigned to Bank of America four months *after* the filing of the complaint. The court entered an order stating that it would treat the motion to dismiss as defendant's response to the summary judgment motion and it set the motion for a hearing. No transcript of the hearing is contained in the record on appeal.

¶ 5    On January 16, 2015, the circuit court entered summary judgment for Bank of America, a judgment of foreclosure and sale, and an order appointing Intercounty Judicial Sales Corporation as selling officer. On May 21, 2018, the court substituted Wilmington as party plaintiff for Bank of America.

¶ 6    On August 16, 2022, the 20th Avenue property was sold back to Wilmington (plaintiff) at a foreclosure sale. On September 13, 2022, plaintiff filed a motion for an order approving the report of sale. On December 6, 2022, after an evidentiary hearing, the court entered an order approving the sale and another order finding that notice of sale was properly given. No transcript of the evidentiary hearing is contained in the record on appeal.

¶ 7    Defendant appeals *pro se* from the orders granting summary judgment to Bank of America on its foreclosure complaint and confirming the sale of the 20th Avenue property to plaintiff.

¶ 8    Initially, we note that defendant has largely failed to provide coherent arguments to support the claims raised in her *pro se* brief. "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that arguments on appeal be supported by citation to authority and the pages in the record relied upon. An issue not clearly defined and sufficiently presented fails to satisfy the requirements of Rule 341(h)(7) and is therefore forfeited. *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33. A civil litigant appearing *pro se* is bound to comply with the requirements of Rule 341 to the same extent as litigants represented by counsel. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 9    Forfeiture aside, even piecing together defendant's arguments as best we can, we still would affirm the circuit court. First, defendant argues that the circuit court erred by confirming the sale because the notice of sale was insufficient, as it was mailed by a court-appointed officer instead of plaintiff's counsel. However, section 15-1507(c) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1507(c) (West 2022)) allows the mortgagee or such other party designated by the court to give notice of sale. In the instant case, the court designated Judicial Sales Corporation to conduct the sale and give notice. There was no error.

¶ 10   Defendant further contends that the court erred in its entry of summary judgment and judgment of foreclosure and sale because Bank of America never sent notice of the foreclosure to

the municipality within the boundary of which the mortgaged real estate is located, as required by former section 15-1503(b). See 735 ILCS 5/15-1503(b) (West 2022). However, such notice to the municipality is no longer required because former section 15-1503(b) was repealed without a savings clause by Public Act 103-61 (eff. June 9, 2023). Where there is an express repeal of a statute, and nothing is substituted for the former act, the repealed statute has no more force or effect. *U.S. Bank, N.A., v. Coe*, 2017 IL App (1st) 161910, ¶ 9. If final relief under the repealed statute has not been granted, it may not be granted after the repeal. *Id.* This is true even if judgment has been entered in the circuit court and the cause is pending on appeal. *Id.* In the instant case, no relief was granted to defendant for the alleged failure to send notice of the foreclosure to the municipality under former section 15-1503(b), and we may not grant relief now that it has been repealed. *Id.* Instead, we must dispose of the case under the law in effect at the time of this decision. *Id.* The law currently in effect does not provide for notification to the municipality, and therefore defendant's argument for reversal based on the alleged failure to provide such notification is without merit.

¶ 11 Next, defendant argues for reversal of the summary judgment order and the confirmation of sale because Bank of America failed to attach the note to its foreclosure complaint as required by section 15-1504(a) (735 ILCS 5/15-1504(a) (West 2022)). Instead of attaching the note, Bank of America filed an affidavit from Cristina DeRieu, an assistant vice president at ABN AMRO Mortgage Group, attesting that the original note was lost after it was assigned to ABN AMRO Mortgage Group. DeRieu's affidavit was in accordance with section 2-606 of the Code of Civil Procedure, which provides that where a claim is founded on a written instrument that is no longer accessible, the pleader must file an affidavit "stating facts showing that the instrument is not

accessible to him or her." 735 ILCS 5/2-606 (West 2022). DeRieu's affidavit was an acceptable substitute for the note and therefore we find no reversible error.

¶ 12    Next, defendant argues that the circuit court denied her due process by failing to hold a hearing or rule on her motion to dismiss Bank of America's foreclosure complaint for lack of standing. We find no due process violation. In an order dated April 9, 2014, the court stated that it would treat the motion to dismiss as defendant's response to the summary judgment motion. The court held a hearing on the summary judgment motion, and then ruled in favor of Bank of America. Defendant has failed to provide us with a transcript of the hearing or an acceptable substitute under Illinois Supreme Court Rule 323 (eff. July 1, 2017), and therefore we resolve any doubts from the incomplete record against her and presume that the court considered and rejected defendant's defense of lack of standing. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 13    Addressing defendant's argument of lack of standing on the merits, we note that it is premised on Bank of America's alleged failure to secure the assignment of the mortgage until four months after it filed its foreclosure action. According to defendant, Bank of America would only have had standing if it secured the assignment prior to the filing of the complaint.

¶ 14    The doctrine of standing precludes persons with no interest in a controversy from bringing suit and assures that issues are raised only by parties having a real interest in the outcome of the controversy. *Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 34. A party's standing to sue is determined at the time suit is filed. *Id.* As an affirmative defense, lack of standing is defendant's burden to plead and prove. *Id.*

¶ 15    We find *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, to be dispositive with regard to the standing issue here. In *Garner*, the defendant argued that the foreclosure plaintiff lacked standing because the assignment of the mortgage to the plaintiff was

executed after the filing of the complaint. *Id.* ¶ 22. In support, the defendant produced a document entitled "Assignment of Mortgage," dated four days after the complaint was filed. *Id.* ¶ 25. We observed mortgage assignments may be oral or written and that even when a written assignment exists, it may only be a memorialization of an earlier transfer of interest. *Id.* Thus, while the defendant had produced a written assignment, he did not establish when the interest in the property was transferred to the plaintiff. *Id.* The defendant could have provided depositions or interrogatories proving when the plaintiff obtained its interest in the mortgage, but he failed to do so and accordingly did not meet his burden of proving the plaintiff's lack of standing. *Id.* See also *Iordanov*, 2016 IL App (1st) 152656, ¶ 42 (defendant failed to prove lack of standing when he produced an assignment of the mortgage dated after the filing of the complaint, but produced no other evidence indicating when the interest in the property actually was transferred).

¶ 16    Similarly, in the instant case, defendant cites a written assignment of mortgage but fails to point us to any evidence establishing exactly when the interest in the property was transferred to Bank of America. Accordingly, defendant did not meet her burden of proving Bank of America's lack of standing.

¶ 17    Next, defendant argues we should reverse the grant of summary judgment because one of the affidavits in support of foreclosure contains a stand-alone signature page in violation of Illinois Supreme Court Rule 113(c)(4) (eff. Oct. 1, 2021). Defendant's argument is without merit, as review of the affidavit shows that it does not contain a stand-alone signature page.

¶ 18    Defendant also contends summary judgment should be reversed because there was a genuine issue of material fact as to whether she timely made her mortgage payments and/or whether Bank of America misapplied those payments. However, defendant fails to cite any portion

of the record supporting this argument. Accordingly, the issue is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 19 Finally, defendant contends the order confirming the sale was an abuse of discretion. Defendant has failed to provide us with a transcript of the evidentiary hearing held prior to the confirmation of the sale, or a Rule 323 substitute, and accordingly we presume that the court's order was in conformance with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92.

¶ 20 For all the foregoing reasons, we affirm the circuit court.

¶ 21 Affirmed.